## MEMPHIS BELL TELEPHONE COMPANY v. MRS. L. E. HUNT.

I. RIGHT OF WAY. *Grant of. Entrance on · private property.* A grant of right of way to a telephone company over a street does not confer the right to enter private property and cut the limbs of trees in order to more conveniently construct its wires.

2. EVIDENCE. *Irrelevancy of. Reversal for.* A reversal will not be granted for the admission of irrelevant testimony, when it is evident that it did not influence the verdict.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

POSTON & POSTON for Telephone Company.

M. R. PATTERSON for Mrs. Hunt.

FREEMAN, J., delivered the opinion of the court.

This suit is brought to recover damages from the telephone company for entering upon the premises of the plaintiff at twelve or one o'clock at night, and cutting certain limbs on trees growing in her yard, in the city of Memphis, or Taxing District.

The plaintiff had refused positively to give the employes and agents of the company permission to cut the limbs specified, and so the entry and cutting was done in the unusual manner specified. The defendant had obtained from president Hadden, of the Taxing District, in pursuance of authority granted by the board of police and fire commissioners of the district, the

right of way over Lauderdale street for the telephone line, the location of the line to be fixed by the city engineer. Defendant was also granted authority, says president Hadden, to cut away limbs overhanging the streets and side-walks, that might interfere with the construction and operation of their lines, but he adds, defendant was to pay any damages that had to be paid. He stated further, that these permits meant only right of way, and in no case should interfere with the security of private property; that he did not assume to settle controversies of that kind, and the permit gave no control over private property.

The line of telephone poles was located under the direction of the city engineer immediately at the curbing on the west line of Lauderdale street, and the foreman of the telephone company says the engineer told him he might cut away any overhanging limbs that interfered with the construction of the line. In fact, a line had been previously constructed, but the poles were deemed too low by the company, and a new set of poles were being placed in the same places as the old, but taller.

The company must stand on the privilege it has obtained from the city authorities, as shown by their own witness, president Hadden, so far as their right to occupy the street and build the line thus authorized. There is nothing in this record from which we can see these parties had any rights beyond what is stated above; no claim of authority to enter on private property by virtue of charter privileges, or in the exercise of any right of eminent domain.

The court, among other things, charged the jury, that if defendant, by its agents, entered upon the enclosure of plaintiff, against her will, for the purpose of cutting the trees or limbs, it was a trespass; and this was so even if it was done for the purpose of clearing a space for their wires outside the enclosure, in case they had the right to clear such space.

The jury found a verdict for plaintiff for $250. The Referees recommend a reversal on two grounds, we believe; first, the improper admission of testimony of president Hadden, to the effect that three of the defendant's employes had been brought before him, as presiding judge of the police court, and fined three dollars for the misdemeanor, in cutting the trees of plaintiff. The record says this question was objected to by defendant in general terms, as incompetent and irrelevant, but permitted to go to the jury. Second, because the charge of the court in reference to the implied license by the corporate authorities, to permit the limbs of the trees to grow over the street, to be inferred from the fact that this had been permitted for many years, was unnecessary, erroneous and irrelevant. We see no reversible error in this last proposition of the Referees. It is at most an abstraction, so far as the facts of the case, as found in this record, go.

The only issue was, whether the defendant showed any legal authority for an entry on the premises of the plaintiff. The right claimed was under the permission of president Hadden, and no how else, so far as appears in the proof. It is certain, even if he

had authority to grant the right to enter on plaintiff's premises, he had not done so. He had granted only the right to locate the line along the streets, the location to be fixed by the city engineer, and the defendant was also authorized to cut away any limbs interfering with the construction of their line, overhanging the street, but even as to this, he says, the defendant was to pay any damages inflicted on owner of property. He adds, his permits only gave the right of way on the street, but in no case were to interfere with private property, as he did not assume to settle controversies of that kind.

This being so, defendant shows no shadow of right to enter on the premises of plaintiff, and cut the limbs off her trees near the body of the tree, thus greatly disfiguring the shade trees in the yard of a city home, as shown by the proof. It is true, defendant's witnesses insist that the limb could only be cut in this way; plaintiff swears the contrary, and we see that the fact is as she swears, for it would have been easy, with a self-supporting ladder, to have drawn down the overhanging limbs and sawed them off, and thus remove the obstruction.

Be this as it may, it is clear the court charged correctly, that the defendant had no authority to enter on the premises and cut away the limbs, the plaintiff having positively forbidden the trespass, and a march was stolen on her, and it done at midnight, as said by the employes, a most unusual time for such work. But it is seen from this issue that the question of license to let the limbs grow over the street was to-

tally irrelevant and immaterial in the case. It is true, it is now argued, these limbs were a public nuisance, and might have been abated by any one, but the proof shows no such thing; on the contrary, it is shown they did not interfere at all with the use of the street by the general public, and we can see their shade over the side-walk would be grateful to parties walking the street in warm weather, and thus be a public advantage, rather than interfere with their use. The limbs only interfered with this private corporation in the prosecution of their business in the precise way most convenient to them, as it is shown they might have had their line so located as not to interfere at all with the trees, but at probably less convenience, or, it might be, slightly additional expense.

The only question is, whether the judgment should be reversed because of proof that three employes of the company had been fined by president Hadden for cutting these limbs?

We have held in a number of cases that we will not reverse for the admission of irrelevant testimony, where we can clearly see that it could, in no proper view of it, have influenced the verdict: 6 Lea, 543; *Clarke* v. *Rhodes*, 2 Heis., 208, 209. In this case the question of fact is undisputed, proven both by plaintiff, and more circumstantially by defendant, as to the cutting of the limbs. The only question before the jury was the legal effect of the act, under the charge of the court. It would be difficult to see how the fact that president Hadden had fined the employes who did the cutting, could possibly influence the jury on

such a question. It was entirely irrelevant to the issue, and, we believe, not in any way alluded to by the court in his charge, and so no prominence whatever given to it.

Seeing clearly that the admission of testimony could not reasonably have, in any way, affected the result, we see no reversible error in this record, and affirm the judgment.