E. S. EADS *et al.*, Appellants, v. AMANDA GAINS, Respondent.

St. Louis Court of Appeals, May 29, 1894.

1. **Lateral Support of Building**: OBLIGATION OF OWNER TO PROTECT IT AGAINST ADJOINING EXCAVATION. The owner of a building has no natural easement for the lateral support of it by the land of his neighbor. He is under obligation to shore or protect it on notification of an intended adjoining excavation by the proprietor of the adjacent land; and, if he fails to do so, the building may be shored or protected at his expense by such adjacent proprietor.

2. ————: ————: VALIDITY OF MUNICIPAL ORDINANCE. *Held*, in the course of discussion, that an ordinance of the city of St. Louis upon this subject was valid to the extent to which it was declaratory of the foregoing rule, and was admissible in evidence in an action for the

recovery of the cost of shoring the building, instituted against the owner by the adjacent proprietor.

3. Pleading: DEMURRER. A demurrer to a petition, on the ground that the petition does not state facts sufficient to constitute a cause of action, does not reach any defects, imperfections or uncertainty in the pleading, provided a cause of action may be implied from its allegations by reasonable and fair intendment.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*H. S. Priest* for appellants.

The petition, to be subject to a challenge by demurrer, must be entirely destitute of a statement of any cause of action. If a cause of action be artificially or indefinitely stated, such a demurrer can not prevail. *Marie v. Garrison*, 83 N. Y. 14–23; *People v. Mayor, etc.*, 8 Abb. Pr. 7; *Morse v. Gillman*, 16 Wis. 504; *Simmons v. Prather*, 5 Ore. 504; *Myer v. Railroad*, 7 N. Y. State Rep. 245; *State v. Carroll*, 63 Mo. 156; *Boogher v. Knapp*, 76 Mo. 457. The petition in this case, aside from the reliance upon the provisions of the ordinance, which is fully set forth, contains sufficient elements of a cause of action, and, if lacking at all, is only wanting in precision and definiteness of averment. 1 Sutherland on Damages, 148; *Sutherland v. Ware*, 67 Me. 64; Cooley on Torts [2 Ed.], 706; *Charless v. Rankin*, 22 Mo. 570; Ray, Imposed Duties, chap. 11; *Lancaster v. Ins. Co.*, 92 Mo. 460.

*Rassieur & Schnurmacher* and *Frank K. Ryan* for respondent.

The law raises no implied promise in respect of services rendered against the will of the recipient, or in

respect of mere gratuitous services. Addison on Contracts [8 Eng. Ed.], star paging, 1030; *Stokes v. Lewis*, 1 T. R. 20; *British Empire Shipping Co. v. Lomes*, 30 L. J. Q. B. 229; *Bartholemew v. Jackson*, 20 Johns, 28. The appellants' damages are too remote; mere risk of loss is insufficient to support an action. Cooley on Torts [2 Ed.], star paging, 72; *Academy of Music v. Hackett*, 2 Hilt. 217; *Ashley v. Harrison*, 1 Esp. 48; *Butler v. Kent*, 19 Johns. 223; Addison on Torts [6 Ed.], note *p.*, side paging, 39; *Chamberlain v. Boyd*, 11 Q. B. Div. 407.

BOND, J.—Plaintiffs sue for $356 as the reasonable expense incurred by them in shoring the south wall of defendant's building, which stood upon the line between the lots of the parties, while plaintiffs were constructing the foundation of a building on their own lot extending to said dividing line.

The petition filed in this cause is to wit:

"Plaintiffs for cause of action against the defendant state that they are, and were at the times hereinafter mentioned, the owners of a certain lot of ground situate on Spruce street, in the city of St. Louis, Missouri, described as follows: Lot number 10, in block number 187.

"That defendant is, and was at said time, the owner of the lot adjoining the lot of plaintiff on the north side thereof, upon which there was erected a business house, the footings of the south foundation wall of which were sunk only to the depth of eight and one-half (8 1-2) feet below the level of the curb of the street on which said lot is situate, which building was erected subsequent to the passage of a certain ordinance of the city of St. Louis, passed and approved on the ———— day of ———— 18 —, which ordinance is in words and figures as follows:

"Chapter 16, article 3, section 703 of the revised ordinances of the city of St. Louis:

"'All foundation walls shall be laid not less than two and one-half feet below the surface of the earth on a good, solid bottom, and in case the earth is of a yielding nature, and should it require it, a bottom of driven piles or laid timbers of sufficient size and thickness, or broken macadam rock, well rammed down in their courses, shall be laid to prevent the wall from settling; and all piers, columns, posts or pillars resting on the earth shall be set upon a bottom constructed in the same manner as the foundation walls. All walls of buildings hereafter to be erected on the lines of lots between different owners, not extending down below the curb level upon the streets where said buildings are erected to the depth of nine feet to the bottom of the footings for dwelling houses, and fifteen feet to the bottom of footings for business houses, shall be underpinned, sustained and protected at the entire charge and cost of the owner or owners thereof; *provided, however*, that it shall be the duty of the adjoining owner or owners, wishing to sink their cellars or walls to a greater depth than those adjoining, to give timely written notice to the owner or owners of prior erected buildings of their intention to do so, and shall also permit the occupancy of their ground to so protect and underpin the said walls, building or buildings. But in all cases where the former walls have been extended down to the depth, as above specified, then and in that case, parties building upon the adjoining lots, and excavating their cellars to a greater depth than above named, shall, at their own proper cost and expense, use all proper care to underpin, sustain and protect the former erected walls or buildings.'

"That on or about the ―――― day of ――――, 1890, the plaintiffs, being desirous of erecting a business

house on their said lot adjoining the lot of defendant aforesaid, began the necessary excavation for the purpose of constructing the foundation walls thereof, next to and adjoining the south line of the lot of defendant.

"The plaintiffs, in compliance with the provisions of said ordinance, gave timely written notice to the defendant of their intention to sink the foundation wall of their proposed building, next adjoining to the south line of defendant's lot, to a greater depth below the level of the curb of said street than was laid the foundation wall of defendant's building, and requested the defendant to underpin or sustain the walls of her said building during the construction of the foundation wall proposed to be erected on plaintiff's lot.

"The defendant wholly disregarded the notice and request of plaintiffs, and failed and refused to underpin the foundation wall of the building upon her said lot, or to protect and maintain the same while plaintiffs were engaged in the construction of the foundation wall of their proposed building; and that, by reason of the failure thereof on the part of the defendant to underpin and protect the wall upon her said lot, to avoid the great danger of injury to the men engaged by plaintiffs in constructing their said wall, it became necessary for plaintiffs to do the same, at the expense and cost to plaintiffs of the sum of three hundred and fifty-six ($356) dollars, which sum is the reasonable charge and price for said work, and was paid for by the plaintiffs on the fourth day of August, 1890.

"For which sum plaintiffs ask judgment with interest and costs."

Defendant filed a general demurrer to the foregoing petition, which was sustained, and, plaintiffs declining to plead further, final judgment was rendered against them, from which they have taken the present appeal.

The only question for review is whether or not the petition herein states a cause of action.

At common law the owner of land has the right to lateral support of the soil only; he has no natural easement for the support of his buildings upon the land of his neighbor. *Charless v. Rankin*, 22 Mo. 566; *Victor Mining Co. v. Morning Star Mining Co.*, 50 Mo. App. 525; Washburn on Easements, *429 *et seq.*; *Larson v. Metropolitan Street Railway Co.*, 110 Mo. 234; *Busby v. Holthaus*, 46 Mo. 161; Tiedeman on Real Property, section 618.

It is the *duty* of the owner of land, whereon buildings are erected, upon notice of an intended excavation on an adjacent lot which would probably injure or destroy such structures, to shore or protect them from the results of such excavations. *Larson v. Metropolitan Street Railway Co.*, 110 Mo. 234; *Lasala v. Holbrook*, 4 Paige, 169; *Schafer v. Wilson*, 44 Md. 268; *Peyton v. City of London*, 9 Barn. &. Cress. 725; *Peyton v. St. Thomas Hospital*, 4 Man. & Ry. 625; *Walters v. Pfeil*, Moody & Malkin, 362; *Massey v. Goyder*, 4 Car. & Payne, 161; Thompson on Negligence, pages 276 to 278.

"The unquestionable right of a landowner to remove the earth from his own premises, adjacent to another's building, is subject to the qualification that he shall use ordinary care to cause no unnecessary damage to his neighbor's property in so doing." *Larson v. Metropolitan Street Railway Co,*, 110 Mo. 242.

These principles, under the facts in this case, devolved correlative duties upon the respective parties. On the one hand it was the duty of the defendant, under the general law, to protect her wall after notice of plaintiffs' intention to excavate the adjoining lot so as to endanger its stability; on the other hand, plain-

tiffs were entitled to excavate their lot up to the division line where defendant's wall stood. It was also the duty of the plaintiffs to give prior notice of such purpose, and to carry out the same with ordinary care. Each party owed the other a particular legal duty; if then there was a breach of such duty, causing loss or damage, by one without any concurrence therein by the other, a cause of action would thereby accrue upon elementary principles in favor of the party not in fault.

The liability of an excavator for breach of the duty to observe ordinary care, causing injury to the building of an adjacent owner, is sustained by all the cases and directly affirmed in a recent case by the supreme court. *Larson v. Metropolitan Street Railway Co.*, 110 Mo. 242.

It must also result, in principle, that the householder becomes liable to an adjoining proprietor, excavating with care, for failure to perform the duty of protecting his building after notice, provided such failure causes damage or loss.

The ground work of the duty imposed by law upon a householder to protect his building in such cases is laid in the maxim, which enjoins such a use of one's own property as not to injure another—*sic utere tuo ut alienum non lædas*.

When a building is erected upon the boundary of an owner's land, a servitude of lateral support is appropriated to which the houseowner has no legal right in the absence of a grant or other method of acquisition. As a corollary to this proposition the adjacent owner is entitled to withdraw the lateral support to such structure afforded by his land; since it can not be held that he is deprived of the full enjoyment of his property by the unauthorized imposition of a servitude thereon.

If, in exercising such right (because of the house-

holder's failure to perform his duty of protecting his building), he suffers the additional loss and expense of giving it artificial lateral support in order to excavate with ordinary care, it must result that he is damaged to the extent of this outlay in the enjoyment of his property rights, and that the damage is caused by the breach of duty of the householder in not protecting his building when notified.

Any other hypothesis would in effect lead to the absurd conclusion, that the erection of the building carries with it the incidental right to subject the adjoining proprietor to its lateral support. For if the householder, notwithstanding that he has no right to the support of his building from the soil of another, may prevent the full use of that soil by the other without undergoing a loss and expense for lateral support of said building, it is obvious that the rule denying any liability for lateral support is substantially subverted. The law preserves the substance of the rights of parties, and will not permit an advantage to be indirectly gained which could not be directly claimed.

Again, if it was necessary to the exercise by plaintiffs of ordinary care in excavating their own lot that defendant's building should be shored or underpinned, and if defendant refused upon request to give it such support, and plaintiffs at additional expense gave it the necessary support, plaintiffs would be entitled to recover the damage necessarily caused, in doing the work as required by law, by defendant's negligence in failing to perform the duties cast upon her by law. If this were not true, plaintiffs could be required to shore or protect defendant's building at their expense, or become responsible for its injury or destruction. For the law is universal, that, for the injury caused to a building by an excavation performed without ordinary care, the

excavator is responsible. If, therefore, he could only do the work with ordinary care, as is assumed above, then he was bound to do so to escape liability for its injury or destruction. In other words to enjoy his own property rights he would be bound to suffer the loss and expense of shoring or underpinning a building erected by a coterminous owner, which doctrine is opposed to the whole consensus of decisions and text-books.

. The foregoing views demonstrate that the transaction as stated in plaintiff's petition, if properly alleged, constitutes a cause of action under the general law.

The next question, therefore, is whether or not the essentials of such cause of action may be gathered from the averments of the petition. A demurrer, on the ground that the petition does not state facts sufficient to constitute a cause of action, is confined to that objection, and does not reach any defects, imperfections or uncertainty in the pleading, provided a cause of action or defense may be implied from its allegations by reasonable and fair intendment. *State ex rel. v. Carroll*, 63 Mo. 156; *Marie v. Garrison*, 83 N. Y. 14, 23.

The petition in the present case alleges the ownership of a lot by plaintiff, bordering on the lot of defendant; the existence of a building on defendant's lot, whose south wall ran along the division line of the lots; that the building was erected subsequently to an ordinance (setting it out), regulating the construction of foundation walls in this city and defining the duties of owners of buildings to shore or underpin the same upon notice of proposed excavations, and making it the duty of excavators to permit the occupancy of their ground to owners of buildings for the purpose of protecting the same. It further alleges that plaintiffs gave written notice of their intention to excavate their lot, for the

construction of foundation walls thereon, to a greater depth than the wall of defendant, and requested defendant to underpin and sustain the wall of her building during the progress of the work.

"That defendant wholly disregarded the notice and request of plaintiffs, and failed and refused to underpin the foundation wall of the building upon her said lot, or to protect and maintain the same while plaintiffs were engaged in the construction of the foundation wall of their proposed building; and that, by reason of the failure thereof on the part of the defendant to underpin and protect the wall upon her said lot, to avoid the great danger of injury to the men engaged by plaintiffs in constructing their said wall, *it became and was necessary for plaintiffs to do the same at the expense and costs to plaintiffs of the sum of three hundred and fifty-six ($356) dollars.*"

According to the rule by which the sufficiency of a petition is tested on general demurrer, a. cause of action may be implied from the foregoing allegations for negligence on the part of. defendant in committing a breach of common law duty to sustain her walls, whereby it *became necessary* for plaintiffs to do so in order to escape liability for injury to said building.

The ordinance pleaded in this case, to the extent now under consideration, merely enforces a duty prescribed by the common law, as has been above shown. It was enacted upon adequate authority contained in the city charter, requiring that the municipal assembly "shall provide for the safe construction, inspection and repairs of all private or public buildings within the city." Charter, art. 3, sec. 26, sub-sec. 12. It was a legitimate exertion of the police power delegated to the city for internal regulation, and to secure the comfort, safety and welfare, of its inhabitants. In the case at bar it is admissible in evidence on the issue of negligence.

These views necessitate the reversal of the judgment of the circuit court sustaining a demurrer to plaintiff's petition, and a remanding of the cause. It is so ordered. Judge ROMBAUER concurs. Judge BIGGS is absent.