LIZZIE WALTERS, Respondent, v. L. C. HAMILTON et al., Appellants.

Kansas City Court of Appeals, May 2, 1898.

1. **Trespass:** JOINT TORT FEASORS: MASTER AND SERVANT. Where a trespass is committed by the joint act of two or more persons, each is liable; and if done by a servant, the master is also liable, and where one enters upon premises by his agent and excavates to the injury thereof, it is immaterial that the actual trespasser is his contractor, if the work is done with his knowledge and for his use.

2. ———: DIGGING UNDER WALL: ARRANGEMENT TO PROTECT. Where an adjoining owner about to enter upon his lot to dig a foundation arranged with the other adjoining owner to pin up the latter's building so as to cause no injury thereto, such understanding is not a license to enter the latter's lot and dig under his foundation.

3. ———: ADJOINING OWNERS: RIGHTS AND DUTIES OF: LATERAL SUP-
PORT. Where an adjoining owner refuses to shore up his building
for its necessary protection while the adjoining owner is excavating
in his premises, the latter has a right to enter and do any act neces-
sary for adequate protection to the building; but such right does not
authorize any excavation under the foundation of the building.

4. ———: ———: ———: CARE. Every landowner has the right to
have his soil preserved intact as against its own weight by the ordi-
nary effect of the elements, and the adjoining owner excavating so near
the line as to cause the same to crumble is liable for ensuing dam-
ages without regard to the care or negligence in so doing.

5. Lateral Support: COMMON LAW: BUILDINGS. At common law the
landowner has the right to lateral support of the soil only but no
natural easement for the support of his buildings, and upon notice of
excavation in adjacent land he should protect his building, otherwise
the excavator may enter and protect at the owner's expense or pro-
ceed with his excavation, using ordinary care under the circum-
stances.

6. Adjoining Owners: LATERAL SUPPORT: CONTRACT: ESTOPPEL:
CONSIDERATION: JURY QUESTION. Where one joint owner about to
excavate arranges with the other to protect the builing of the latter
who relies thereon, the excavator is estopped to deny liability for the
injuries resulting from his negligence in the performance of his prom-
ise, though it was without consideration, and the alleged negligence
is properly submitted to the jury; and the fact that the building ex-
tended on the excavator's side of the line would not relieve him from
the duty of ordinary care.

7. ———: ———: AGREEMENT. An agreement by an excavator to pro-
tect the building on the adjoining premises will authorize him to
enter such premises to protect it but it does not authorize his digging
under the building's foundation.

8. Trial Practice: TWO ACTIONS: ONE COUNT: MOTION. Where tres-
pass and negligence are joined in one count in a petition, advantage
should be taken by motion before judgment or the defect is waived.

*Appeal from the Buchanan Circuit Court.*—HON. A. M.
WOODSON, Judge.

AFFIRMED.

JOHNSON, RUSK & STRINGFELLOW for appellants.

(1) At common law, the owner of land has the
right to lateral support of the soil only. He has no

natural easement for the support of his building upon the land of his neighbor. Charless v. Rankin, 22 Mo. 566; Mining Co. v. Mining Co., 50 Mo. App. 525; Larson v. R'y, 110 Mo. 234; Obert v. Dunn, 41 S. W. Rep. 901; Eads v. Gaines, 58 Mo. App. 586; Handlan v. McManus, 42 Mo. App. 551; Ward v. Andrews, 3 Mo. App. 275. (2) It is the duty of the owner of land whereon buildings are located upon notice of an intended excavation on an adjacent lot which would probably injure or destroy such structures, to shore or protect them from the results of such excavation. Larson v. R'y, *supra;* Eads v. Gaines, *supra.* (3) And if after notice of intended excavation, the owner, of an adjoining building refuses or fails to give his building proper support, the person doing the excavating may shore up said building, and for that purpose may enter upon the premises of such adjoining owner and do anything thereon necessary to protect such building and charge to the owner thereof the expense of such work. Eads v. Gaines, *supra.* (4) Or the excavator may proceed with his work, using ordinary care and let the adjoining owner's building fall if he will not support it himself. Obert v. Dunn, 41 S. W. Rep. 901. (5) Defendant, L. C. Hamilton, was not the owner of the lot north of plaintiff's lot. The building for which the excavation was made was being erected by the ice company, a corporation of which Hamilton was an officer. There is no evidence that Hamilton, either in person or by any agent or servant of his, performed any work or gave any directions to dig over plaintiff's line or under her wall. Defendant Hamilton's request for an instruction in the nature of a demurrer as to him should therefore have been given. (6) Plaintiff's first instruction should not have been given. The evidence of both plaintiff and defendant showed that prior to beginning the work of excavating it was agreed

between them that the workmen employed by the ice company should shore up plaintiff's building, and this work was subsequently done by said workmen. Because of this agreement defendant could in no event be liable in tort. (7) Under the agreement mentioned, the workmen of the ice company had the right to go upon plaintiff's premises and take such steps as were necessary to protect her wall, and defendant, if he could be held at all, would be liable only on contract for failure to exercise ordinary care in doing said work. For this reason plaintiff's first instruction is clearly erroneous in telling the jury that defendant is liable in tort if he dug at all on plaintiff's premises and under her footings, notwithstanding the highest degree of care possible was used to prevent injury to plaintiff's wall. See cases cited above. City of Covington v. Geylor, 19 S. W. Rep. 741. (8) Plaintiff's second instruction told the jury that even if they believed the excavation did not extend over plaintiff's line, but that plaintiff's footings were over on the ice company's lot, defendant would have no right to dig under plaintiff's footings on said adjoining lot. This is clearly error.

W. B. NORRIS and BENJAMIN PHILLIP for respondent.

(1) Plaintiff's petition contains two separate, distinct causes of action each perfectly stated; one in trespass for damages occasioned to her property by the entry and excavations made upon her lot by defendant; the other, an action on the case for damages occasioned to her property by the careless and negligent excavation of the adjoining property by the defendant. Although these two causes of action are contained in one count, the petition is not now subject to attack. Fadley v. Smith, 23 Mo. App. 87; Otis v.

Bank, 35 Mo. 128; Childs v. R'y, 117 Mo. 415–437; Kern v. Pfaff, 44 Mo. App. 29–32. (2) If one person enters upon the property of another, without his consent, and inflicts injury thereto, he is guilty of a trespass and is liable for the damages sustained even though he exercises the highest degree of care to prevent such injury. Crenshaw v. Ullman, 113 Mo. 636. The defendant promised and assured the plaintiff that he would support her house, and he would protect her from all damage occasioned by the removal of the adjoining soil; she relied upon defendant's promise and assurance and he failed to use the proper means, in consequence of which plaintiff's property was injured. Upon the theory presented by these facts, the court gave plaintiff's second instruction, and it was justified in so doing by the elementary principles of law applicable to cases of this character. Larson v. R'y, 110 Mo. 234; Crenshaw v. Ullman, 113 Mo. 636. (4) The fact that defendant agreed with plaintiff that he would "shore up" her property and protect her does not make him liable in contract for his failure to do so. Larson v. R'y, 110 Mo. 234. (5) The evidence is amply sufficient to show that the excavating, etc., was done with the knowledge and under the directions of the defendant. "If the injury was committed by defendant's direction or by and with his knowledge and consent, and for his use and benefit," he is liable. Crenshaw v. Ullman, 113 Mo. 641.

SMITH, P. J.—This is an action to recover damages to plaintiff's dwelling house caused by an excavation made by defendant for the foundation of a building on the ground of an adjoining lot owner. There was a trial resulting in judgment for plaintiff, and defendant appealed. The errors assigned relate to the action of

the trial court in the giving and refusing of instructions.

The defendant objects that the plaintiff's first instruction, which declared that though a person has the right to remove or excavate the soil from his own property so as to deprive his neighbor's property of its support, provided, the excavation or removal of his soil is made in an ordinary careful manner, he has no right to enter upon or dig upon or remove or excavate the soil of any of his neighbor's property without the consent of the owner of the property upon which he enters or upon which the excavation is made, and if a person does enter upon or dig or excavate or remove the soil of his neighbor's property without his consent, he is liable for damages caused thereby, even though he exercises the highest degree of care in the digging or removal or in making the excavation; you are, therefore, instructed that if you believe from the evidence that the plaintiff was, at the times hereinafter mentioned, the owner and in possession of the south half of lot three, and that she was the owner of a two story brick building situated thereon, and that at the time mentioned in the evidence the defendant by his servants or employees under his direction without the consent of the plaintiff, dug or excavated or removed the earth or dirt or stone or soil from any part of the south half of said lot three, and under the footings of the foundation of said building, and that in consequence the said building was injured or damaged in this: that the walls and partitions were caused to weaken or sink or lean or to be cracked or to be damaged, or that the ceiling or plastering or paper thereof was caused to be cracked or loosened, or the windows or door casings to be thrown out of their proper shape, or that said building was otherwise injured or damaged as shown

INSTRUCTION.

by the evidence, then you will find for the plaintiff, *even though you may believe from the evidence that the defendant, his servants and employees used the highest degree of care possible to prevent such injury, and even though you further believe that defendant did not promise or assure the plaintiff that he would place underpinning under said building or otherwise protect the same from injury or damage,* was an incorrect expression of the law applicable to the facts which the evidence adduced tended to prove; the defendant contends that since he was only general manager of the incorporated ice and cold storage company for which the excavation was made, and that since Nichols, the superintendent of the construction of the building, was employed by the company and not by him, that therefore the said instruction, telling the jury that if he by his agents, servants or employees under his direction removed the earth or stone from under the footings of the foundation of plaintiff's building in consequence of which it was injured to find for plaintiff, was erroneous.

The evidence does not disclose by whom Nichols was employed, but it does disclose that the defendant was the general manager of the ice and cold storage company, and that he had charge of the work of excavating the foundation of the said company's building. It abundantly shows that the persons who were engaged in the excavation were agents and servants of the defendant and that such excavation was made with his direction. The defendant himself testified that he notified plaintiff that we "were going to excavate by her building," and that he "saw the dirt taken out from alongside of plaintiff's wall," and that "he was in charge of matters there;" that the superintendent of the work was instructed not to go over plaintiff's line.

The law is well settled that when a trespass is committed by co-operation, or by the joint act of two

or more persons, each is liable for the injury done by all and all who aid and abet in the commission are equally liable therefor. And it is as equally well settled that in trespass principals as well as agents are joint trespassers and the principal is liable for the acts of the agent performed within the line of his duty whether the particular act was or was not directly authorized. Meade v. R'y, 68 Mo. App. 92. And if the tortious act is done by the servant while actually employed in the performance of the service he has been employed to render, and it pertains to the particular duties of his employment, the master is liable. Hartman v. Muehlbach, 64 Mo. App. 565, and cases there cited; Meade v. R'y, *supra*. And it has been held that where one is not in the actual possession of a strip of land, the title of which is in another, without the latter's consent enters on such premises by his agents and so excavates as to injure the adjoining owner he is liable therefor, and it is immaterial that the person who actually committed the injury was an independent contractor, when it appears that the work was done by defendant's direction or with his knowledge and consent and for his use and benefit. Crenshaw v. Ullman, 113 Mo. 636. Accordingly it seems clear to us that if the persons engaged in making the excavation, which defendant admits was in his charge and carried on by his direction, dug under the footings of the foundation of the plaintiff's building, and thereby caused the injury complained of, the defendant is liable therefor.

It is further contended that the evidence tends to show that whatever was done by defendant in and about the excavation was with the consent of the plaintiff. It is conceded that when defendant gave plaintiff notice of his intention to make the excavation along the side of her

*Margin notes:* TRESPASS, joint tort feasors: master and servant.

——: digging under wall: arrangement to protect.

Walters v. Hamilton.

foundation he promised her that he would "pin up" her building on the north side so that the excavation would cause no injury thereto. While it may be true that this promise was made in accordance with a request of the plaintiff, and while this arrangement conferred upon defendant the authority to enter on the plaintiff's lot for the purpose of putting in the needle beams or other necessary supports to prevent the excavation from injuring the plaintiff's wall, yet this was no authority for the defendant to dig away and remove the dirt and stone from under the footing upon which rested the plaintiff's foundation wall. There is no evidence whatever that the plaintiff gave her consent for such removal or that she was aware that it was done until long afterward. Nor do we perceive that the court erred in giving the *italicised* portion of said instruction.

It is an indisputable proposition that if the plaintiff refused to shore up her building if necessary to protect it or any part of it from falling into the excation, the defendant himself had the right —: adjoining owners: rights and duties of: lateral support. to enter upon her premises and shore up her building or insert needle beams in the walls thereof, or do any act that was necessary to afford adequate protection thereto, provided he exercised ordinary care in doing so (Eads v. Gaines, 58 Mo. App. 586), but without plaintiff's consent he had no right to dig under the footing of her foundation wall and remove the supporting earth and stone therefrom for the purpose of widening the excavation for his own foundation, even though he used the highest degree of care possible to prevent any injury from thereby resulting to the plaintiff's building. The right to enter upon the plaintiff's property and shore up or otherwise protect her building from being injured by the excavation was one thing, and the right

to enter and remove the earth and stone from beneath the foundation footing of such building and thereby cause its injury was quite another thing. The one former was authorized while the latter was not. The plaintiff's first instruction was therefore as unobjectionable in this particular as in the others to which allusion has already been made.

The defendant objects that the first paragraph of the plaintiff's second instruction is erroneous which declares that while the landowner has the right to excavate his own soil so as to deprive his neighbor's land of its support, in so doing he must exercise that degree of care employed by a person of ordinary prudence in the circumstances of the particular situation to prevent injury to his neighbor's property; and if in excavating upon his own land he inflicts an unnecessary injury upon his neighbor's through negligence he must pay the resulting damages. It is a well recognized principle that every landowner has the right to have his soil preserved intact as against its own weight and the ordinary effect of the elements, and an adjoining proprietor who excavates so near to the line of his neighbor's land as to cause the same to crumble or fall away is liable for the ensuing damages, but if the character of the adjoining soil is such that it will and does sustain its own weight and the natural pressure thereon, by the power of its own coherence, without the aid of the support of the surrounding soil, the adjoining owner may remove his soil without liability to damage. The right that every man is entitled to have his soil left intact, and that no removal of the adjoining soil can be made so as to disturb the integrity of the soil of others, is not an absolute but a qualified right. Mining Co. v. Mining Co., 50 Mo. App. 525, and authorities there cited. In respect to land it is an invariable rule of property that a

removal of its lateral support by excavation in the adjacent parcel is a violation of the right of property, and is actionable independent of the consideration whether it was done with or without negligence.

At the common law the owner of land has the right to lateral support of the soil only.    He has no natural easement for the support of his building upon the land of his neighbor.    Charless v. Rankin, 22 Mo. 566; Larson v. R'y, 110 Mo. 234; Obert v. Dunn, 140 Mo. 476; Eads v. Gaines, 58 Mo. App. 586.    The above cases declare it to be the duty of the owner of land whereon buildings are located, upon the receipt of notice of an intended excavation on the adjacent land, which would probably injure such buildings, to shore or protect them from the results of such excavation.    And if, after the receipt of such notice, such owner refuses to give his building proper support, the person making the excavation may shore up said building, and for that purpose may enter upon the premises of such adjoining owner and do anything necessary to protect such building, and charge such owner with the expense of such work.    Or the excavator may proceed with his work using ordinary care and let the adjoining owner's building fall, if he will not support it himself.    Obert v. Dunn, *supra*.    So it is thus seen that the portion of plaintiff's second instruction previously referred to is not quite accurate in expression.

LATERAL support: common law: buildings.

But the plaintiff does not claim that she has been damaged by reason of the action of defendant in removing the soil of his own lot in such a manner as to disturb the integrity of that of her own.   Her plaint is, *first*, that the defendant tortiously entered upon her premises and dug and removed the earth and stone from beneath the footings of the foundation of the building situate thereon; and, *second*, that notwith-

standing defendant assured plaintiff that in making said excavation he would properly shore up her building and protect the same from injury in consequence of said excavation, that he neglected to do so, in consequence of which the injury complained of resulted. It follows from this that the portion of plaintiff's said instruction to which defendant takes exception was but a harmless abstraction.

The defendant further objects that so much of the plaintiff's second instruction as told the jury that if when the defendant began the excavation on the lot adjoining that of plaintiff, the plaintiff objected thereto and the defendant thereupon promised plaintiff that he would so make such excavation as to protect her said building from injury, and relying upon such promise she failed to use the ordinary means of protecting her said building, and the defendant negligently excavated and removed all the earth and stone and lateral support from and along and next to the line of her adjoining lot, and negligently left her said lot and the building thereon without lateral support, and negligently placed insufficient underpinning under the walls of said building to support the same, and neglected to use reasonable and proper means to support said building, and neglected to properly replace the dirt removed, in consequence of which the said building was injured, etc., was erroneous and should not have been given.

ADJOINING owners: lateral support: contract: estoppel: consideration: jury question.

It is clear in the light of the authorities to which we have adverted that when the plaintiff was apprized of the fact that defendant was excavating on the lot adjoining hers, and that such excavation was being made so near the boundary line of the two lots and of such depth as to likely endanger her building, it became primarily her duty to shore up her building and

to take such precaution against the result of such exca-
vation as was dictated by ordinary care and prudence;
but if the defendant chose to relieve plaintiff of the
performance of this duty and to assume its perform-
ance himself no reason is seen why, if he neglected its
performance, he is not liable for the ensuing injury.
If the plaintiff relied on the defendant's promise and
so failed to perform the duty the law imposed upon
her with respect to the protection of her building, and
the defendant neglected the performance of his promise,
in consequence of which the injury complained of re-
sulted, can the defendant be heard to say to plaintiff
that, "Even if I did promise to shore up and use the
ordinary precautions to protect your building against
injury resulting from my excavation, and you relied
on my promise which I neglected to perform, or if your
building has been wrecked by reason of the failure on
my part to shore up and protect the same against the
results of the excavation, yet I am not liable because
the law enjoined on you the duty of protecting your
own building in such circumstances?" We think not,
but on the contrary that the defendant would be
estopped in such case to deny liability for injuries
resulting from his neglect of the performance of the
promised and assured duty. The promise of the de-
fendant was not in the nature of a contract and there-
fore required no consideration to support it. It was
voluntary and one on which the plaintiff relied, and on
the faith of which she was induced to neglect the doing
of something which the defendant had undertaken to
do, and but for which she presumably otherwise would
have done herself. Larson v. R'y, *ante;* Lumber Co.
v. Kreeger, 52 Mo. App. 418.

The defendant objects that the plaintiff's said in-
struction erroneously submits the question to the jury
to determine whether or not the defendant negligently

placed what is commonly known as underpinning un-
der said building which was insufficient to properly
support the walls thereof. This objection we do not
think can be sustained. The evidence of the plaintiff
tended to prove that the number of needle beams
which were inserted in the foundation wall of plaintiff's
building to support it while defendant was making the
excavation were insufficient in number for that pur-
pose. It is true that the defendant's evidence tended
to show a greater number was used than was shown by
the plaintiff's evidence and that the number so used
was sufficient, hence the issue was appropriately left
to the jury to determine.

This instruction told the jury that if they found
from the evidence the facts therein hypothesized,
the verdict should be for plaintiff, "even though
they further believed that said building or the foot-
ings of the foundation thereof extended over the
north line of the plaintiff's lot, and that the defend-
ant did not, either in person or by his servants, agents
or employees, enter upon and dig or excavate any por-
tion of" the plaintiff's lot "or remove any dirt or stone
from under said footings." Suppose it be true, as the
evidence of defendant tends to prove, that the footing
of the plaintiff's foundation wall encroached upon the
adjoining lot four inches, would that fact relieve the
defendant of the duty of ordinary care in respect to
shoring up and protecting the plaintiff's building
against injury resulting from the excavation, or sup-
pose the defendant did not enter upon and remove any
dirt or stone from beneath the footing of plaintiff's
foundation wall, would proof of one or both of these
facts defeat the plaintiff's right to recover? We think
not. Therefore the direction of the instruction was not
subject to objection.

The defendant does not object to the plaintiff's said second instruction on the ground that the evidence tends to prove that the acts of negligence of which plaintiff complains were those of the ice and cold storage company and not of himself, but if such objection were suggested by him it would be a sufficient answer thereto to say that by his own instructions he submitted the case to the jury upon a theory similar to that of the plaintiff.

The defendant requested the following instruction:

"If the jury believe from the evidence that defendants before beginning their building, gave plaintiff notice that they were going to build on their lot and to excavate for a foundation along or near their south line and that they made the excavation for their foundation with reasonable care and in a workmanlike manner, the verdict must be for the defendants unless the jury further believe from the evidence that defendants agreed or undertook to protect plaintiff's building for her, and even if the jury should believe from the evidence that the defendants did so agree with plaintiff, still the verdict should be for defendants, if the jury further believe from the evidence that defendants used reasonable care in making the excavation along their south line and used reasonable means to protect plaintiff's building against the consequences of such excavation." This the court modified by adding thereto the following: "Provided the jury find from the evidence that defendants did not excavate the earth from beneath the north wall of plaintiff's building and upon the lot of plaintiff." And then gave it as thus modified.

This instruction as given asserted no more than the converse of the proposition asserted by the plaintiff's

*agreement.*

Walters v. Hamilton.

first instruction and what has been previously said in respect to the former is applicable to the latter. It is no doubt true that from the request of the plaintiff to shore up her building and do anything else necessary to protect the same against injury resulting from the excavation, and the promise of the defendant to comply therewith, was implied the authority to defendant to enter upon plaintiff's premises and perform any act that was reasonably necessary in the performance of the duty he had so assumed. But the authority to enter upon her premises and remove the dirt and stone from beneath the footing of the foundation of her building and thus enhance the danger to be apprehended from a withdrawal of the lateral support, was certainly not included within the implication.

The instructions it seems to us fully and fairly submitted every issue made by the pleadings. No error prejudicial to defendant has been found in any of them.

The petition contains but a single count. It alleges two causes of action, one trespass and the other negligence. These allegations are so interwoven and intermingled as to be almost inseparable and undistinguishable. But since defendant did not take advantage of the defect at the proper time and in the proper way the same must be deemed to have been waived. Fadley v. Smith, 23 Mo. App. 87; Otis v. Bank, 35 Mo. 128; Childs v. R'y, 117 Mo. 415–437; Kern v. Pfaff, 44 Mo. App. 29–32. The judgment will be affirmed. All concur.