E. M. WALDRON & COMPANY (A CORPORATION) v. LOUISE AAB.

Submitted December 6, 1912—Decided March 7, 1913.

1. One who under a contract with A makes an excavation on A's lot that goes below the foundation of a building on the adjoining lot of B has no right of action against B for the necessary expenses of shoring up his building.
2. *Quœre.* Has A such a right of action?

On demurrer.

The case stated by the plaintiff, a corporation, is that it had a contract with the owner of lots Nos. 37 and 39 Green street, in the city of Newark, to make the necessary excavation for the erection of a four-story stone and brick building on said lots; that the necessary depth of said excavation carried it below the foundation wall of a brick building that the defendant had caused to be erected on the adjoining lot, No. 35 Green street, owned by her; that before commencing work the plaintiff notified the defendant that the proposed excavation might possibly affect the foundation of her building which she must at once proceed to shore up, and that if she refused to do so, the plaintiff would shore up her building charging the required expense to her and would bring suit against her for the same if not paid.

The declaration then avers that when the excavation it was making reached "a depth beyond which the plaintiff could no longer excavate with safety to the premises upon which it was excavating unless the said building of the said defendant should be shored up," the plaintiff shored up and supported the defendant's building and thereby became entitled "to the reasonable value of the work and labor performed and the materials supplied in shoring up and supporting said building of the said plaintiff," to wit, $900.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the plaintiff, *Riker & Riker.*

For the defendant, *Adams & Schoen.*

The opinion of the court was delivered by

GARRISON, J. The interesting and important question argued by counsel for the plaintiff and discussed and decided in *Eads* v. *Gains,* 58 Mo. App. 586, and *Walters* v. *Hamilton,* 75 *Id.* 237, is not raised in this suit which is brought against the defendant, not by the owner of adjoining land, but by a person having a contract with such owner to do work on such land.

For expenditures made by one of such contracting parties in the performance of such contract he must look to the other contracting party; whether successfully or not, can be determined only in a suit between them. Obviously, the plaintiff, by force of his contract with the owner of lots 37 and 39, has no privity or relation whatsoever with the owner of lot 35.

The rule of law necessary to sustain the plaintiff's contention arises, if at all, from some *pseudo* contract implied in law between the owners of adjoining lands or upon some presumption of law or rule of public policy arising out of such adjoining ownership.

The plaintiff having shown no right of action against the defendant, judgment on demurrer is given for the defendant.