## MARGARET M. REBER, Respondent, v. BELL TELEPHONE COMPANY OF MISSOURI, Appellant.

St. Louis Court of Appeals, November 6, 1916.

1. MASTER AND SERVANT: Injury to Third Person: Scope of Servant's Employment. The master is liable to a third person for torts committed by the servant, when it can be fairly implied that he was acting within the scope of his employment and was in the pursuit of the master's business and at the master's direction.

2. TRESPASS: Joint Tortfeasors: Joint and Several Liability. When a trespass is committed by co-operation, or by the joint act of two or more persons, each is liable for the injury done by all, and all who aid and abet in the commission are equally liable therefor.

3. TELEGRAPHS AND TELEPHONES: Use of Streets: Trees: Trespass. A telephone company is entitled, as a *quasi* public corporation, to erect its poles along a street and string wires thereon, under license from the municipality; but this right is subject to that of the abutting property owner to maintain trees projecting over the streets.

4. ———: ———: ———: ———. A telephone company, desiring to string wires along a street, has no right to take the law in its own hands, and disfigure, mutilate and damage the trees of an abutting property owner at will, without being liable to respond in damages therefor.

5. ———: ———: ———: ———. It is the duty of a telephone company, desiring to string wires along a street, to take measures to mitigate or avoid damages to the trees of an abutting property owner, where practical, even though such measures are more expensive or less convenient.

6. ———: ———: ———: ———: Defenses. It was no defense to an action for damages against a telephone company for cutting shade trees, projecting over a street along which the company was stringing its wires, that the street commissioner of the city was present, giving orders and directions regarding such cutting, where it did not appear that he had authority to direct such cutting, nor that the branches were cut for any other purpose than to aid the company in the prosecution of its business in the way most convenient to it.

7. ———: ———: ———: ———: Punitive Damages. Where a telephone company seriously injured valuable shade trees which projected over the street, by cutting a space for its wires to pass through them, a verdict for punitive damages in favor of the property owner was justifiable.

8. DAMAGES: Punitive Damages: Necessity of Actual Damage. Nominal actual damages will support a verdict for punitive damages.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave*, Judge.

AFFIRMED.

*Holland, Rutledge & Lashly* for appellant.

(1) The court in giving a peremptory instruction to find for respondent in the sum of $1 committed no error of which respondent may complain, because while the testimony showed that some of the trimming of trees on respondent's property was done by linemen on the payroll of the appellant, there was no testimony that such trimming was done under the direction of appellant. (2) The court in giving a peremptory instruction to find for respondent in the sum of $1 committed no error of which respondent may complain, because while the testimony showed that some of the trimming of the trees was done by linemen on the payroll of appellant and by linemen on the payroll of Suburban Electric Light & Power Company, there was no testimony to show what trimming was done by the linemen on the payroll of the former and what by linemen on payroll of the latter. Therefore, even had the said trimming been done by said linemen as employees of the respective companies, there was no testimony upon which a jury in any event could base a verdict against either company for substantial damages. Epperson v. Postal Telegraph Co., 155 Mo. 346, 382. (3) Even had the testimony shown that all the trimming of trees in question was done by employees of appellant under the latter's direction, respondent would not be entitled to recover, because the placing of telephone poles on a public sidewalk is not subjecting the property to any new easement, and therefore the abutting owner cannot complain of any resulting damage. Julia Building Association v. Bell Telephone Co., 88 Mo. 258. In the present case, there is a presumption that the City of Webster Groves, before causing its street commissioner to direct the removal of the

poles and the trimming of the trees, had passed proper and necessary ordinances in reference thereto. Kavanaugh v. City of St. Louis, 220 Mo. 496; Chlanda v. Railroad, 213 Mo. 262; State ex rel. Brown v. Wilson, 216 Mo. 215; United Shoe Machinery Co. v. Ramlose, 210 Mo. 631; Chouteau v. Railroad, 122 Mo. 375; Bank of United States v. Dandridge, 6 Law Ed. Supreme Court Reports 62, 12 Wheaton, 552; Wyrick v. Railroad, 74 Mo. App. 406. (4) The court in giving a peremptory instruction to find for respondent in the sum of $1 committed no error of which respondent may complain, because there was no testimony of wilful or wanton conduct on the part of appellant.

*C. A. Newton, E. W. Mills* and *C. S. Reber* for respondent.

(1) In passing upon the propriety of the action of a trial court in taking a case from the jury by a peremptory instruction, the appellate court must consider the plaintiff's evidence as a whole in the light most favorable to plaintiff, indulging in every inference of fact in plaintiff's favor which the jury could with any degree of propriety indulge. Steffen v. Fisher, 161 Mo. App. 393; Scott v. Smelting Co., 187 Mo. App. 352; Whittaker v. Railroad, 252 Mo. 452; Harris v. Railroad, 180 Mo. App. 604; Perline v. Oil Co., 182 S. W. 1015. (2) The court rightly granted a new trial because of the error in its peremptory instruction given at the close of the plaintiff's case, confining plaintiff's recovery to one dollar, actual damages. The evidence introduced justified a recovery against appellant in a substantial sum on either of two theories: (a) Either as a joint tort-feasor engaged in the commission of a joint tort on the theory that the trespass committed by the two companies was in furtherance of a common purpose or object and concurrently committed. Yealy v. Fink, 43 Pa. 212; Ferguson v. Savoy, 9 New Bruns, 263; Powell v. Thompson, 80 Ala. 56; Swain v. Tennessee Copper Co., 111 Tenn. 430; Clark v. New-

san, 1 Ex. 131; Addison on Torts (8 Eng. Ed.), p. 118; Underhill on Torts (9 Eng. Ed.), p. 50; Murphy v. Wilson, 44 Mo. 313. (b) Or on the theory that appellant, as an individual trespasser, was liable only for the damages committed by its own linemen. When the uncertainty existing as to the extent of the damage inflicted by a particular wrongdoer is the result of his own act, he cannot complain if the jury is permitted to make the best estimate which the nature of the case admits of as to the damage done by such tort-feasor. Any other rule would encourage wrongdoing by favoring the wrongdoer at the expense of the innocent and injured party. Ogden v. Lucas, 48 Ill. 492; Railroad v. Hoag, 90 Ill. 339, 346; Schriever v. Village of Johnston, 71 Hun. (N. Y.) 232; Learned v. Castle, 78 Calif. 454; Washington v. Gillman, 64 Mo. 173; Jenkins v. Railroad, 67 N. J. L. 331; Whitney v. Welshaus, 50 Pa. Super. 427; Weidman Silk Dyeing Co. v. Newark, 84 Atl. 273; Harrison v. McClellan, 137 N. Y. App. Div. 513; Railroad v. Coons, 43 Ill. App. 119; Peltz v. Eichels, 62 Mo. 181; Scott v. Smelting Co., 187 Mo. App. 353. (3) (a) Even if the recovery was properly limited to merely nominal damages, the plaintiff was nevertheless entitled to a recovery of punitive damages. Favorite v. Cottrell, 62 Mo. App. 119; Lampert v. Drug Co., 238 Mo. 409. (b) The evidence introduced clearly justified the jury in finding that the trespass complained of was both wanton and malicious—wanton because unnecessary, and malicious because intentionally done with knowledge of its wrongful nature. It was unnecessary because the wires could have been maintained at the old thirty-foot level, at which level no cutting was necessary at all. Moore v. Carolina Light & Power Co., 79 S. E. 596; Van Siclen v. Electric Light Co., 45 N. Y. App. Div. 1. It was unnecessary because the wires, even if maintained at the new forty-five-foot level, could have been carried through the trees by cabling, and this method the company was bound to resort to although it might have involved additional expense. Van Siclen v. Electric Light Co., 45 N. Y. App. Div. 1.

(c) It was a malicious trespass because at the time it was committed the company knew it had no right to cut the trees. The trespass being malicious, plaintiff's right to recover punitive damages is undeniable. Bright v. Bell, 113 La. 1090; Memphis Bell Telephone Co. v. Hunt, 84 Tenn. 459; Tissot v. Telephone Co., 39 La. Ann. 996; Cumberland Tel. Co. v. Cassidy, 78 Miss. 666; Cumberland Tel. Co. v. Shaw, 102 Tenn. 317; Daily v. State, 51 Ohio St. 348; Jones on Telegraph Companies, p. 120; Russellville Home Tel. Co. v. Commonwealth, 33 Ky. L. Rep. 132; Slago v. Realty Co., 183 Mo. App. 299; Smith v. Railroad, 192 Mo. App. 210; Mc-Millan v. Elder, 160 Mo. App. 406; Jennings v. Railroad, 159 Mo. App. 17. (4) That a telephone company has no right to cut the limbs of trees standing on private property to clear a space for its wires without the owner's consent is also undeniable, in spite of the fact this appellant does deny it. State v. Graeme, 130 Mo. App. 138; McAntire v. Joplin Tel. Co., 75 Mo. App. 535; Reinhoff v. Electric Co., 177 Mo. App. 417.

ALLEN, J.—This is an action to recover damages for injuries done to certain shade trees belonging to plaintiff, situated upon her property in Webster Groves, Missouri, abutting on the north line of Lockwood avenue, a public street extending from east to west in said city. It appears that certain telegraph poles of defendant had for years stood in Lockwood avenue near the northern edge of the roadway, i. e., somewhat south of the north curb; that Lockwood avenue was improved, necessitating the removal of these poles, and that defendant thereupon erected new poles north of the curb line. The old poles were about thirty feet in height, whereas the new poles erected north of the curb line were about forty-five feet in height. Plaintiff's trees— said to have been large, handsome shade trees—stood north of the curb line on plaintiff's land, but branches thereof extended beyond the sidewalk and curb into the street, and, it seems, interfered with the stringing of wires along these new poles in the manner in which de-

fendant, for its convenience, proposed and desired to string such wires. Defendant did not obtain permission to cut the branches of these trees for the purpose of extending its wires through them, but on or about December 1, 1908, at a time when a caretaker in charge of the premises was absent, defendant's agents and servants entered upon plaintiff's premises and cut, mutilated and disfigured the trees, causing much damage thereto. And there is evidence that the work of removing branches from the trees was unskillfully done, causing unnecessary injury even for defendant's purposes.

It appears that wires of the Suburban Electric Light & Power Company, a corporation not a party to the suit, had been strung along and carried by the old poles, and were to be placed upon the new poles together with defendant's wires; that at the time of the alleged trespass aforesaid some servants of the last-named company took part in cutting and removing the branches from the trees. It is said that some linemen of the Suburban Electric Light & Power Company, in charge of a foreman, happened to be passing at the time, and the foreman deemed it advisable to stop and assist defendant's agents and servants in the doing of this work. There is also testimony that one Safford, said to have been a street commissioner of the city of Webster Groves—who died prior to the trial below—was present giving orders and directions respecting the cutting of branches from plaintiff's trees.

At the close of the evidence the court peremptorily instructed the jury to return a verdict for plaintiff for nominal damages only, which the jury accordingly did. Thereafter the court, on plaintiff's motion, granted plaintiff a new trial, from which order granting a new trial the defendant prosecutes the appeal now before us.

The court's action in granting a new trial for error in giving the instruction compelling a verdict for plaintiff for nominal damages only was manifestly correct Defendant—appellant here—takes the position that plain-

tiff cannot complain of the giving of that instruction for the reason that while the testimony showed that some of the cutting of the trees on plaintiff's property was done by linemen in the employ of defendant, there was no testimony that this was done under the defendant's direction. But this entirely overlooks and fails to reckon with the great mass of evidence in the case showing not only that the cutting and mutilation of the trees was done, in a very considerable part at least, by defendant's agents and servants, but was done under circumstances which legitimately afford the inference that such agents and servants were acting within the scope of their employment as defendant's employees, in pursuit of their master's business and at their master's direction.

Evidently the trial court gave the instruction to find a verdict for nominal damages only upon the theory that since the evidence showed that some of the damage done to plaintiff's trees was done by servants of defendant and some by servants of the Suburban Electric Light & Power Company, plaintiff could not recover substantial damages without adducing evidence tending to show the extent of the injury separately inflicted by defendant's servants. This, however, was a misconception of the legal effect of the evidence adduced; and the court cured its error by granting a new trial. The evidence makes it appear that servants of defendant and those of another company were jointly engaged in a common enterprise, in the prosecution of which they jointly committed a trespass upon plaintiff's property. The employees of the two companies, acting in concert for the accomplishment of a common purpose and design, cut from plaintiff's trees numerous branches which were hauled from the premises in defendant's wagons driven by its employees. "The law is well settled that when a trespass is committed by co-operation, or by the joint act of two or more persons, each is liable for the injury done by all, and all who aid and abet in the commission are equally liable therefor." [Walters v. Hamilton, 75 Mo. App. 237, l. c. 243, 244.]

The evidence shows that the servants of both companies, acting together in the furtherance of a common purpose or object, committed the trespass and caused the damage of which plaintiff complains. Both companies, therefore, and all who as their agents participated therein, are jointly and severally liable therefor. [See Walters v. Hamilton, supra; Murphy v. Wilson, 44 Mo. 313; Cooper v. Johnson, 81 Mo. 483; Dyer v. Tyrrell, 142 Mo. App. 467, 127 S. W. 114; Robinson v. Mining Co., 178 Mo. App. 541, 163 S. W. 885; Swain v. Tennessee Copper Co., 111 Tenn. 430, 78 S. W. 93; Addison on Torts (8th Ed. 1912) p. 118.]

Defendant, as a *quasi*-public corporation, was entitled to erect its poles along the street and string wires thereon, under license from the municipality, but this right was subject to that of plaintiff, as an abutting property-owner, to maintain trees situated as were these. And in no event could defendant take the law into its own hands, and disfigure, mutilate and damage her trees at will, without being liable to respond in damages therefor. [See McAntire v. Joplin Telephone Co., 75 Mo. App. 535; State v. Graeme, 130 Mo. App. 138, 108 S. W. 1131; Reinhoff v. Gas & Electric Co., 177 Mo. App. 417, 162 S. W. 761.]

It is said that the wires in question could have been placed on the new poles at a height of thirty feet —the height of the old poles—without any material interference by the limbs of these tree. And it appears that defendant might have maintained its wires at the new level of forty-five feet without damaging plaintiff's trees, by use of a cable at this place. And it has been held that such measures, where practical, must be resorted to, even though they are more expensive or less convenient, in order to avoid the cutting of trees of abutting property-owners. [See Van Siclen v. Electric Light Co., 45 App. Div. 1 (N. Y.), affirmed in 168 N. Y. 650; Moore v. Carolina Light & Power Co., 163 N. C. 300, 79 S. E. 596.] But in the case before us, whatever may have been defendant's rights, had it taken lawful steps to secure them, it is entirely clear that if, in dis-

regard of plaintiff's rights, defendant, taking the law into its own hands, cut and injured plaintiff's trees in order to place its wires as it chose, it thereby made itself liable to plaintiff for the damage thus occasioned.

It is further argued that defendant is not liable because of the evidence making it appear that a street commissioner of the city of Webster Groves was present giving orders and directions regarding the cutting of plaintiff's trees. But it is plainly manifest that the mere presence of the street commissioner, and his participation, if any, in the trespass, can afford no protection to defendant under the circumstances. It does not appear that the street commissioner had any authority whatsoever to direct the cutting of limbs from these trees for the purpose of enabling defendant to string its wires along its new poles at the new level of forty-five feet. There is no evidence whatsoever that the trees interfered in any way with the use of the street by the public; but it does appear that they were ornamental shade trees, such as add much to the beauty and attractiveness of a street. The right, if any, of a street commissioner of a city such as Webster Groves to trim trees of an abutting property-owner when the branches thereof extend into the street and interfere with its use by the public, is a matter with which we are not here concerned. So far as this record discloses, the branches of these trees interfered only with the defendant in the prosecution of its business in the way most convenient to it. And they were cut to enable defendant to so prosecute its business. [In this connection see Memphis Telephone Co. v. Hunt, 84 Tenn. 456.]

The evidence is further of such character as to warrant a jury in returning a verdict for punitive damages gainst defendant as for willful and malicious trespass. [See Moore v. Power & Light Co., supra; Telephone & Telegraph Co. v. Shaw, 102 Tenn. 213; Bright v. Bell, 113 La. 1078; Cumberland Telephone & Telegraph Co. v. Cassedy, 78 Miss. 666; Jennings v. Appleman, 159 Mo. App. 12; McMillan v. Elder, 160 Mo. App.

399.] Indeed had plaintiff only made out a case for nominal compensatory damages, this would not necessarily have prevented the recovery of punitive damages by her. As to whether or not punitive damages may be recovered where only nominal compensatory damages are allowable, the authorities are conflicting; but it is now the settled law of this State that a verdict for nominal actual damages will support a verdict for punitive damages. [Lampert v. Drug Co., 238 Mo. 409.]

The action of the circuit court in granting a new trial is affirmed. *Reynold, P. J.,* concurs.