SARAH WALKER, Respondent, v. CITY OF SEDALIA, Appellant.

Kansas City Court of Appeals, March 7, 1898.

1. **Pleading**: PETITION: CONSTITUTION: STATUTE: STREET GRADE. Section 2 article 20 of the constitution is self-executing and does not require legislation, and an action for damage to abutting property by reason of the change of the grade of a street can be maintained in a city of the third class without proceeding under section 111, of acts of 1893, page 93.

2. **Municipal Corporations**: CHANGE OF STREET GRADE: DAMAGES: SHADE TREES. The destruction of shade trees along the sidewalk may be considered as an element of the damage resulting to abutting property from the change of grade of the street.

3. **Instructions**: CONFLICTING: SPECIFIC. Where plaintiff's instructions are vague and defendant's instructions are specific, there is no cause of complaint on the ground of their being conflicting.

4. **Appellate and Trial Practice**: FACT ASSUMED. Where a fact, such as the ownership of the property damaged, is assumed throughout the trial it can not be contested in the appellate court.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

AFFIRMED.

E. J. SMITH for appellant.

(1) On this record we say the court erred in refusing the fourth instruction asked by defendant

declaring plaintiff could not in any event recover on account of the trees that grew in the street and in giving the third one for plaintiff allowing recovery for said trees. Elliott on Roads and Streets, p. 519–525, and cases cited; Bishop, Non-Contract Law, sec. 873; Gamble v. Pettijohn, 116 Mo. 375; 1 Dillon, Mun. Corp. [2 Ed.], sec. 332; Smith v. Kansas City, 128 Mo. 23; Carson v. Springfield, 53 Mo. App. 289; Slattery v. St. Louis, 120 Mo. 183; Taylor v. R. R., 38 Mo. App. 668. (2) These instructions for plaintiff directly conflict with the first and second given for defendant, which required the jury to find damage by reason of the change of grade from that of 1881, to that of 1894, before there could be a finding for plaintiff. Hence error in giving conflicting instructions. The instructions are otherwise conflicting. The court erred in excluding evidence offered by defendant and in admitting evidence for plaintiff, objected to by defendant. (3) There was no evidence that plaintiff, Mrs. Walker, was owner of the property in question. And there was no evidence of any material change of grade either from the natural, or from an established grade. Davis v. R. R., 119 Mo. 180, 187; Hickman v. Kansas City, 120 Mo. 110, 121; Waldron v. Kansas City, 69 Mo. App. 50. (4) The court erred in admitting any evidence over defendant's objections. The petition does not state facts sufficient to constitute a cause of action. Fee Title to Streets in the City, R. S. 1889, sec. 7313.

JOHN CASHMAN and CHARLES E. YEATER for respondent.

(1) The plaintiff had property rights in the ornamental shade trees growing in the street in front of and immediately adjacent to her premises, and was entitled

to a recovery of damages for their destruction by a change of grade, where such destruction was occasioned solely by the change of grade. Pemberton v. Dooley, 43 Mo. App. 176; Snoddy v. Bolen, 122 Mo. 479; Gamble v. Pettijohn, 116 Mo. 375; Gordon v. Peltzer, 56 Mo. App. 599; Wellman v. Dickey, 78 Me. 29; s. c. 2 Atl. Rep. 133; Clark v. Dasso, 34 Mich. 86; Overman v. May, 35 Iowa, 89. (2) There is no conflict or inconsistency whatever in the instructions, and when read together they clearly required the jury to find such damages as were occasioned by the change from the grade of 1881 to that of 1894. Deweese v. Meramec I. M. Co., 54 Mo. App. 484; Voegeli v. Marble & Granite Co., 56 Mo. App. 680; State v. Reed, 117 Mo. 613; Loe v. R'y, 57 Mo. App. 357; Lemany v. R'y, 105 Mo. 371. (3) There was evidence that Mrs, Walker owned the property, and defendant so admitted, and there was not a scintilla of testimony to the contrary offered by defendant. (4) The petition states a good cause of action, and the jury and the trial court on the motion for a new trial found evidence of a material change of grade. Hickman v. Kansas City, 120 Mo. 117.

SMITH, P. J.—The plaintiff's petition alleges that she was the owner of lots 2 and 3 and the west three fourths of lot 4 in block 51 in Smith and Martin's addition
STATEMENT.      to defendant city, lying on the south side of Sixth street. It is further alleged therein that in the year 1881 the defendant by ordinance established the grade of said street in front of plaintiff's lots, and that afterward, in 1894, the defendant, by a further ordinance, changed the said established grade and lowered the same in front of the plaintiff's lots about four feet. It was further therein alleged that prior to said change there was erected and placed on

said lots various buildings, improvements, walks shrubbery, trees and grass and that said lots were graded in accordance with the first grade as aforesaid established and that in accordance with said grade all said improvements were made and a sidewalk was laid and trees planted adjacent thereto before said change of grade and that defendant since said change of grade, has by ordinance caused a sidewalk to be laid in front of said premises in accordance with said second grade, and for that purpose has caused a deep cut to be made in front of plaintiff's said premises which has made it difficult and inconvenient to have ingress and egress from said premises, and by which has been left an unsightly mass of earth in front of said premises and thereby damaged said lots, buildings, improvements, walks, shrubbery, trees, grass and lot grade. Plaintiff also states that defendant did not take the steps required by law to assess damages resulting to her from such change of grade and although plaintiff has demanded payment of such damages defendant has refused to pay the same, to her damage, etc.

The answer was a general denial. There was a trial in which plaintiff had judgment and defendant appealed.

The defendant assails the petition on the ground that it does not state facts sufficient to constitute a cause of action. It is now well settled that section 20, article 2, of the constitution is self-executive and gives in cases like that stated in plaintiff's petition, an absolute right of action and that resort may be had by a party entitled to the right to any common law action which will afford him adequate and appropriate redress, and this, though the legislature may have enacted no law providing a mode for the ascertainment and payment of the compensation so provided. Hick-

PLEADING: petition: constitution: statute: street grade.

man v. Kansas City, 120 Mo. 111; Householder v. Kansas City, 83 Mo. 488; Sheehy v. R'y, 94 Mo. 574; Keith v. Bingham, 100 Mo. 300. The action can therefore be maintained independent of the provisions of the section 111 of acts 1893, page 93. In order to entitle plaintiff to recover she is not required to proceed in conformity to the provisions of said act of 1893. Until the damage to the abutting lot owners in said street, resulting from the change of the grade thereof, was ascertained and.paid the defendant had no right to disturb the proprietary rights of such abutting owners on said street and if it did so it was liable in an action at law for all the damages it occasioned.

The defendant objects that the trial court erred in giving the plaintiff's third instruction which directed the jury that in estimating the damages to plaintiff's property they were authorized to take into consideration as elements thereof, with other evidence, the cost, if any, necessary to grade down the plaintiff's property to the grade as changed by defendant and lowering and replacing the improvements thereon, and the necessary destruction of any trees or shrubs adjacent thereto in front, also the cost, if any, of any buildings, retaining walls, if they found it necessary that any such should have been built, allowing as an offset any appreciation or increase in value on said property by reason of grading said street; and in refusing the defendant's fourth instruction which was to the effect that plaintiff was not entitled to recover on account of any trees growing in the street, because while said trees may have been planted by the owner of the property yet being in the street they were subject to be taken away and destroyed whenever the defendant deemed it necessary in making any grade or improvement.

MUNICIPAL corporations: change of street grade: damages: shade trees.

The question thus presented for our decision is whether or not where a city, in changing the grade of a street, destroys shade or ornamental trees standing in front of the abutting lots, the owner of such abutting lots can recover damages for the destruction so wrought. It is familiar doctrine that one owning the fee in land abutting on a public highway owns as well the fee in the highway to the center thereof—*ad medium filum viae*—subject only to the easement of the right of passage in the public with necessary incidents flowing from the public use. In a common law dedication, whether by parol or in writing, and where property has been condemned for street purposes alone, the fee from the surface to the center of the earth remains in the owner, and in all such cases a conveyance of a lot bounded by a street will pass the fee to the center of the street as a part of the grant, and the grantee will have the exclusive right to the soil subject to the right of way implied from the original dedication. Snoddy v. Bolen, 122 Mo. 479; R'y v. Withrow, 82 Ala. 193; Tousley v. Mining Co., 24 Kan. 328. And the presumption is that the grantor did not intend to withhold any interest in the street or highway, but this presumption may be overcome by something stated in the deed which shows clearly and distinctly an intention to withhold an interest in the street. 3 Kent Com. [3 Ed.] 1, star p. 434; Snoddy v. Bolen, *supra*.

The rule is different in those states, of which this is not one, where on executing a plat pursuant to the statute the entire fee in the street passes to the municipality. It is there held that the dedicator and his grantees have no interest in the streets, legal or otherwise, except that in common with the public, namely, the right of passage over them. Snoddy v. Bolen, *supra*, and cases there referred to. By reference to our statute it will be seen that dedications made in conformity

to the provisions thereof, Revised Statutes, sections 7309 to 7311, "shall have the effect to vest the fee of such parcels of land as therein named, described or intended for public uses in the city, town or village, when incorporated, in trust and for the uses therein named, expressed or instructed and for no other use or purpose." If such city, town or village shall not be incorporated then the fee of such lands conveyed as aforesaid shall be vested in the proper county in like trust and for the uses and purposes aforesaid and for none other. R. S. 1889, sec. 7313. The fee in the streets of a city, town or village are held in trust for street purposes and for no other use or purpose; every other beneficial use is in the lot owners and passes by a conveyance of the lot.

In Bridge Co. v. Schaubacher, 57 Mo. 582, it was expressly decided that the owner of land joining on a street, alley or public highway owns the fee to the center thereof subject to an easement in the public. *Vide* Lackland v. R'y, 31 Mo. 180.

In chapter 21, page 518 of Elliott on Roads and Streets, cited by defendant, it is stated that adjoining proprietors on each side of a highway owns to its center and have the exclusive right to the soil, subject only to the easement of the right of passage in the public and the incidental right of properly fitting the way for use. Subject to this easement they have all the usual rights and remedies therein of the owner of a freehold. In Pemberton v. Dooley, 43 Mo. App. 178, it was said: "It is, too, quite well settled that the owner of the soil on the two sides of the ordinary country road, is the owner likewise of the soil in the road, subject only to right of the public use as a road. 'The public acquires a right of way with the powers and privileges incident to that right, such as digging the soil, using the timber and other materials found within the limits of the road,

in a reasonable manner, for the purpose of making the road and its bridges.   The former proprietor of the soil still retains the exclusive right in all the mines, quarries, springs of water, timber and earth, for every purpose not incompatible with the public right of way.' " And in the opinion of the court in Gamble v. Pettijohn, 116 Mo. 375, a street case, originating in the city of Brookfield, it is said:   "It may be conceded that the plaintiff is the owner of the fee of the thirty feet between his property abutting on said street and the center of said street and as such owner is entitled 'to get out of or take from the land whatever he can, so long as he does not injure the way.   He is entitled to the grass and all else that grows on it.   The minerals under it are his, and he may work the mines, yet not to interfere with the public use.   Any private person who takes away earth from the highway, or for his individual benefit occupies any part of it, or ploughs or removes from it trees or herbage not amounting to a nuisance, or places anything upon it, or erects any structure overhanging it, commits a trespass on his land.' "

The case of Wellman v. Dickey, 78 Me. 29, was an action for trespass against a highway surveyor.   In the course of the opinion the court said:   "The plaintiff had planted a row of shade trees along the line of the road, some within and others without the road limits. This he had a lawful right to do, if the public is not thereby obstructed or endangered.   The statute, Revised Statutes, chapter 3, section 59, VI, encouraged this method of beautifying and adorning public thoroughfares.   Trees so planted are a public benefit and ought to receive public approval, if not official care. They can not be lawfully destroyed without the call of public necessity.   R. S., chap. 127, sec. 9.   Highway surveyors should protect and guard

them, and not wantonly uproot and destroy them, without reason or necessity, as the jury found was done in this case." The case of Clark v. Dasso, 34 Mich. 86, was an action of trespass for cutting down trees in a highway brought by the abutting owner. The defendant's justification was that he had done so under the authority and order of the highway commissioner. The court, through the learned Judge COOLEY, said: "The policy of our laws, as is clearly indicated by the statute already quoted, favors the planting and preservation of shade trees in the public streets where they do not constitute actual obstructions. * * * In the first place the policy of the law is to be considered, which would be wholly defeated if one had no better protection for his shade trees than the whim or caprice of successive commissioners, any one of whom might destroy in an hour all that had been accomplished in many years. Then again it is to be remembered that *the trees are the property of the adjacent owner*, who can not lawfully be deprived of any species of property in the summary mode which was adopted in this case."

So in the case of Overman v. May, 35 Iowa, 89, an action of trespass by an abutter against the street commissioner of the city of Cedar Falls, the court used language as follows: "The fee, therefore, being admitted to be in plaintiffs, the public has no other right other than to use the premises as a highway, that is, the right of passing and repassing thereon and the incidental right to repair the same and keep it in proper condition for that purpose. There is no evidence, nor is it claimed in argument that the use upon which the easement is claimed even extended beyond this. The title to the land and all the profits to be derived from it consistently with, and subject to the easement, remain in the owner of the soil. He owns all the trees upon it and the mines and quarries under

it. He has all above the ground except the right of way in the public, which is a right of passage."

Referring to the policy of the law, as shown by the statute, cited by Judge Cooley in the Michigan case, and the statutes referred to in the Maine case, it is to be observed that section 7821, Revised Statutes, is practically the same as the statutes of those two states. The evidence presented by the record discloses that the trees in question stood between the curb and the sidewalk and were twelve or fifteen years old and "about the size of a man's body." The public use of the street was in no way obstructed or endangered by their presence there. They served not only to ornament and beautify the plaintiff's abutting property, but the public street as well. During the summer solstice the bright green foliage of the interlocking branches of these trees cast a grateful shadow over the plaintiff's cottages and diminutive lawns lying in front thereof, which added greatly to the comfort and desirability of the latter as homes. According to the authorities already referred to it seems clear to us that the plaintiff had a property right in the trees, and if the same were destroyed by the defendant in effecting a change of the grade of the street that in the consideration by the jury of the elements of the damage sustained by plaintiff in consequence thereof that it was proper to include therein the destruction of the plaintiff's trees.

The defendant further objects that the plaintiff's tiff's first instruction is inconsistent with the first and second given for it. An examination of these instructions has not convinced us that defendant's objection is well taken. It is quite true that the plaintiff's is subject to the objection of being somewhat vague and unspecific but this defect was supplied by the hypotheses of those of

INSTRUCTIONS: conflicting: specific.

the defendant. 'The latter plainly told the jury that the single question left to them to decide was whether the defendant, after it had established the grade on the street in front of the plaintiff's property, changed that grade to another and different grade, and if so, whether the market value of plaintiff's property was lessened by such change. These instructions when considered together clearly presented the issue to the jury in a way that they could not have been mislead. In so far as we are able to discover these instructions are in no way obnoxious to the objection the defendant has lodged against them.

It is also further objected by defendant that there was no evidence adduced which tended to prove any title in the plaintiff to the *locus in quo*.

APPELLATE and trial practice: fact assumed.

This objection must be ruled against defendant because her title was in effect conceded all the way through the trial. In the examination of witnesses, in the argument by counsel of questions arising on the propriety of the action of the court admitting or rejecting proffered evidence, and in defendant's instructions this fact was assumed so that the defendant will not, in the face of the record, be here heard to urge the objection just stated.

The case was well tried and we think there is no just grounds for complaint over the result, and accordingly the judgment will be affirmed. All concur.