J. W. McANTIRE, Respondent, v. JOPLIN TELEPHONE COMPANY, Appellant.

| 75 | 535 |
| 89 | 646 |

Kansas City Court of Appeals, May 16, 1898.

**Municipal Corporations:** TELEPHONE LINES IN THE STREET: SHADE TREES: DAMAGES. While the licensee of a municipal corporation may use the street for the placing of telephone wires thereon, if in so doing he damages property by injuring the shade trees in front thereof, he will be liable for damages and that without regard to whether the work was carefully or carelessly done.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

BASOM & BUCKLEY for appellants.

(1) The evidence is undisputed that the trees in question were in the street. Where such is the case the rights of the owner of the adjoining or abutting land must give way to the superior right of the public. The city has the superior right and may remove all obstructions from its streets and sidewalks that may interfere with the free use thereof by the city and the public. R. S. 1889, sec. 1515. (2) An abutting

property owner has no such interest in trees growing in a street as would authorize a suit by him against a city or any of its agencies for injuries thereto. Hoogins v. Toronto, 19 Ont. App. 537; Chase v. Oshkosh, 15 L. R. A. 553. This doctrine is well and firmly established in this state. Building Ass'n v. Telephone Co., 13 Mo. App. 477; s. c., 88 Mo. 258; Telegraph Co. v. Light Co., 46 Mo. App. 120. (3) Telephone companies are authorized to set poles, piers, abutments, wires and other fixtures, along, across or under any public road or street, in such manner as not to incommode the public use. R. S. 1889, sec. 272; Hannibal v. Telephone Co., 31 Mo. App. 23; State ex rel. v. Selad, 23 Mo. App. 185; Gay and Mutual Union T. Co., 12 Mo. App. 485; St. Louis v. Telephone Co., 96 Mo. 623; Building Ass'n v. Telephone Co., 88 Mo. 258; 25 Am. and Eng. Ency. of Law, 747; Mining Co. v. Mining Co., 50 Mo. App. 625; Collier v. R. R., 48 Mo. App. 398; Clark v. R. R., 36 Mo. App. 202; Abbott v. R. R., 83 Mo. 271; Jones v. R. R., 84 Mo. 151; Moss v. R. R., 85 Mo. 86. (4) An adjoining or abutting property owner can not recover damages against a telephone company for cutting or removing trees or other obstructions in the streets of a city, in front or adjoining such property. The right of a public telephone company to remove such obstructions to the erection of their poles and stringing their wires thereon, or the efficient wording of its system, is superior to that of such owner. Building Ass'n v. Telephone Co., 13 Mo. App. 477; s. c., 88 Mo. 258; Telephone Co. v. Light Co., 46 Mo. App. 120; 96 Mo. Mo. 623; 113 Mo. 309; 117 Mo. 131; 26 Mo. App. 181; Stephenson v. R'y, 68 Mo. App. 642; Hoogins v. Toronto, 19 Ont. App. 537; Telephone Co. v. Francis, 19 So. Rep. 1; Chase v. Oshkosh, 15 L. R. A. 553.

GALEN and A. E. SPENCER and CLARK CRAYCROFT and J. W. McANTIRE for respondent.

(1) An abutting property owner is entitled to make any beneficial use of the soil of the street which is consistent with the prior and paramount rights for the public thereon for street purposes proper. Gordon v. Pelser, 56 Mo. App. 599; Westliche Post Ass'n v. Allen, 26 Mo. App. 181; Kirkpatrick v. Knapp & Co., 28 Mo. App. 431; Dillon, Mun. Corp., secs. 703, 704, 705; Gamble v. Pettijohn, 116 Mo. 378; Mfg. Co. v. R. R., 113 Mo. 308. Our statute protects shade trees in the street from all persons, even telephone companies. R. S. 1889, sec. 3593. (2) Neither appellant nor respondent possessed exclusive right to the use of the street nor that part of it where respondent's trees were growing, but respondent had paramount right, having first occupied that portion of the street. R'y v. R'y, 132 Mo. 144; Schopp v. St. Louis, 117 Mo. 131; Martin v. R. R., 47 Mo. App. 458; Bishop on Noncontract Law, sec. 990; Grant v. Moon, 128 Mo. 49; Elevator Co. v. R. R., 135 Mo. 353; Lackland v. R. R., 31 Mo. 181; Werth v. Springfield, 78 Mo. 107; Householder v. Kansas City, 83 Mo. 488; Cross v. R. R., 77 Mo. 318; Shelby v. R'y, 94 Mo. 579; Keith v. Brigham, 100 Mo. 300; Van DeVere v. Kansas City, 107 Mo. 87; Gibson v. Owens, 115 Mo. 266; St. Louis v. Hill, 116 Mo. 533; Davis v. R'y, 119 Mo. 187; Hickman v. Kansas City, 120 Mo. 116; Spencer v. R. R., 120 Mo. 160; Snoddy v. Bolan, 122 Mo. 483; Walters v. St. Louis, 132 Mo. 1; R'y v. R'y, 132 Mo. 34; Martin v. R'y, 47 Mo. App. 456; Carson v. Springfield, 53 Mo. App. 296. (3) Where a telephone company cuts trees in front of premises on street, the abutting owner may recover damages. This case is exactly like the

one on trial.   Hoyt v. Telephone Co., 60 Conn. 385;
Clay v. Telephone Co., 70 Miss. 411; Pifer v. Cox, 21
Ohio St. 248; Dailey v. State, 37 N. E. Rep. 710.
(4)   Trees on sidewalk are presumptively the private
property of the  adjacent landowner, and whoever
injures them is presumptively a trespasser as against
such owner.   Even the city is.   Dillon, Mun. Corp.
[4 Ed.], secs. 399, 663; Bliss v. Ball, 99 Mass. 567;
White v. Godfrey, 97 Mass. 477; Tainter v. Morris-
town, 19 N. J. Eq. 46; Cross v. Morristown, 18 N. J.
Eq. 305–313; Bills v. Belknap, 36 Iowa, 583; Patter-
son v. Vail, 42 Iowa, 143; Everett v. Council Bluffs,
46 Iowa, 66; 36 Am. and Eng. Ency. Law, 561, 562.

GILL, J.—The defendant, while conducting its
telephone business in Joplin, cut off the limbs and
tops of certain shade trees planted and grown by the
plaintiff in front of his residence.   The trees were
planted just inside the curb line and some fourteen
years before the telephone poles were set and the wires
strung.   Plaintiff sued for damages, claiming that
said residence property was depreciated in value by
reason of the destruction of the shade trees.   The sole
defense was that the trees were in the way of, and
interfered with the telephone wires necessary to the
conduct of defendant's business.   On a trial before
the circuit court, without a jury, plaintiff had judg-
ment for $300, and defendant appealed.

In Walker v. Sedalia, 74 Mo. App. 70, we passed
on the only legal proposition involved in this case.
That was a suit against the city for damages result-
ing to Mrs. Walker's real estate from a change of
grade; and we held that, as an element of damages,
she was entitled to have considered the destruction of
certain shade and ornamental trees at the curb line in

front of her property. It was there shown that the abutting property holder owns the fee of the land to the center of the street and everything on and beneath the surface, subject only to the public easement; that such trees are property and part and parcel of the abutting lot; and though the city might, in the improvement of a street, change the grade thereof and thereby destroy the trees, and so reduce the value of the abutting lot, yet that the city was liable for the extent of such damage.

If now this is the correct view as to the city, it will not be contended that the defendant telephone company can occupy any more favorable attitude before the courts. We shall assume that the defendant, while occupying the streets of Joplin for the erection of its poles and wires, was and is in the exercise of a lawful right; that its business is public in character and not an additional or different servitude from that intended and covered by the original dedication of the street. This was so decided in the frequently cited case of Julia Building Ass'n v. Bell Telephone Co., 88 Mo. 258.

But because the telephone company was in the street rightfully, and even conceding that it had the paramount right to erect its poles and stretch its wires along in front of plaintiff's residence—and conceding moreover that it had the right to cut away plaintiff's trees so as to render the operation of its telephone lines more effective and serviceable to the public—yet this is no answer to plaintiff's claim that he should be compensated for the damages he has suffered by defendant's exercise of this superior right. By section 21, article 2, of our constitution it is provided: "That private property shall not be taken or *damaged* for public use without just compensation." This provision (first appearing in the constitution of 1875) was intended to reach just such matters as this. Before

that all such damages as resulted from changing the grades of streets and the like, were treated as *damnum absque injuria.*

There can be no doubt as to the legal right of a city in this state to establish and re-establish the grade of its streets, and to grade or re-grade the same, but still, under the law as it has existed since 1875, the city is liable for all damages thereby occasioned to abutting landowners, regardless, too, of the question whether the work is done in a careful or negligent manner. This has been decided by a line of cases beginning with the Werth case (78 Mo. 107), the Householder case (83 Mo. 488), and others down to the present day. And as the city would be liable to the abutting property owners for damages occasioned for changing the grade (though it had the legal right to make such change), then it must follow that a like liability must attach to a telephone company entering upon the street by license from the city to erect its poles and wires. In such case the telephone company would take the privilege granted "yoked with a liability." Sheehy v. Cable Co., 94 Mo. 574, and cases cited.

In the Julia Building Association case, *supra*, Judge Norton seems to doubt such a liability for damages (88 Mo. 274, 275) because, as suggested, the telephone company in erecting its poles was doing a lawful act—that the company could not be held for damages resulting from the doing a thing it had the right to do. In our opinion this was a misconception of the theory of law upon which such a liability rests. For as in the grading cases so in this, the right of the abutting property owner to compensation depends not on the *want of power* in the city or other public corporation, to grade the street or cut away the trees, but such right to compensation exists notwithstanding the

city or company may commit the damage while doing a lawful act. It has the right to change the grade or cut away the trees, provided, however, damages resulting to the abutting property be paid or compensated. "The compensation provided for by this section of the constitution (section 21, article 2) is compensation alone for the lawful execution of the public work causing the damage." Werth v. Springfield, 78 Mo. 107. And this, in effect, has been so held by all cases subsequently decided by the supreme court. While Judge Norton in the Julia Building Association case expressed *doubts* as to such liability, the court was not committed to the proposition, for the opinion waives its decision. At any rate since such *obiter dicta* is contrary to the spirit of the grading cases afterward decided by that court, we do not feel bound thereby.

Under the facts, then, of this case, as they were found by the trial judge, the plaintiff was entitled to recover. The trees planted and growing in front of his property were part of and belonged to the abutting residence lot; their destruction, as the court found, had the effect to depreciate the value thereof, and for this damage defendant was responsible. Judgment affirmed. All concur.