THE CITY OF PAOLA *et al.* V. MARGARET A. WENTZ.

No. 15,721.    (98 Pac. 775.)

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS — *Control of Streets — Removal of Shade Trees — Injunction.* Assuming that the question whether a shade tree growing in the street should be removed is one to be determined by the city officers, not subject to review by the courts, yet in order for their determination to be conclusive it must be made fairly and in good faith; if made arbitrarily, action under it may be enjoined as an abuse of discretion.

2. ———— *Sidewalks—Removal of Shade Trees.* The officers of a city may not, against the objection of the abutting owner, remove a shade tree from the street merely for the sake of enabling them to place a sidewalk in a position different from that prescribed by ordinance.

3. ———— *Authority to Remove Shade Trees.* The removal by officers of the city of shade trees growing in the street may be enjoined where the only reason offered to justify such removal is insufficient as a matter of law, and no other purpose is disclosed.

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed December 12, 1908. Affirmed.

*B. T. Riley,* city attorney, and *E. J. Sheldon,* for plaintiffs in error.

*S. J. Shively,* and *Alpheus Lane,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: In order to clear the way for the building of a sidewalk, officers of the city of Paola were about to cut down three shade trees standing in the street, when Margaret A. Wentz, the owner of the abutting property, brought a suit to prevent this, and upon final hearing procured an injunction against it, which the city now seeks to have set aside.

The petition set out in general terms that the proposed act was wrongful. The answer alleged that the trees stood within the space designated by the ordinance for sidewalks; that the city was proceeding to construct a sidewalk along the line of the plaintiff's property upon the space so designated, and otherwise to improve the street; that the existing condition of the street was dangerous for travel; and that it was necessary that such sidewalk be constructed and the street improved.

The evidence developed that an ordinance provided that sidewalks in that locality should be five feet in width, and that the inside line should correspond with that dividing the street from the lot. The trees stood less than five feet from the fence, which was supposed to stand upon the property line. The plaintiff, however, introduced a mass of testimony which tended to prove, and in view of the decision of the trial court must be regarded as having proved, that the fence was out of place, and stood in the street, and that there was room for a five-foot walk between the trees and the true line. This fact the city does not now attempt to controvert; but it asks a reversal of the judgment upon the ground that as the trees unquestionably stood in the street (using that term to designate the entire space dedicated to public use, including the portions that were or might be covered by sidewalks,) the municipal authorities had absolute control of them, and were charged with the duty of determining whether

the public good required their removal, and that such determination, if made in good faith, was not subject to review by the courts.

The general legal proposition so advanced is certainly plausible, but there is at least an apparent conflict in the authorities as to its soundness. The case of *Frostburg v. Wineland,* 98 Md. 239, 56 Atl. 811, 64 L. R. A. 627, seems to go to the length indicated by this head-note, which is given to the case in 1 A. & E. Ann. Cas. 783:

"A municipal ordinance declaring certain shade trees to be a nuisance and an obstruction to the work of paving and curbing the highway and directing their removal is not conclusive, but a court of equity may examine the evidence presented, and if, in its opinion, the trees in question do not so obstruct the highway as to constitute a nuisance, the court may enjoin their removal."

The decisions bearing on the question are collected in a note in the work cited, at page 785. A typical statement of the opposite view is thus made in *Vanderhurst v. Tholcke,* 113 Cal. 147, 45 Pac. 266, 35 L. R. A. 267:

"There can be no question that the city authorities can, and it is their duty to, cause the removal of anything constituting an obstruction to the streets and sidewalks (the latter being a part of the street) and abate it as a nuisance, since everything which is an obstruction to the free use of a public street constitutes a public nuisance. . . . This power, indeed, is not questioned, but it is contended that the determination of the city authorities in the premises is not conclusive, but is open to review by the courts, and that it was competent for the court to take evidence upon the question as to whether or no the trees in question constituted an obstruction to the free use of the streets, and hence a nuisance. But the rule would seem to be that in an instance where the thing may or may not in its nature or circumstances constitute an obstruction, the determination of the city authorities, in the absence of fraud or oppression, or circumstances disclosing a

Paola v. Wentz.

manifest abuse of their discretion, is conclusive, and not open to question by the courts." (Page 150.)

(See, also, subdivision *e* of note in 39 L. R. A. 670; *Stretch v. Village of Cassopolis,* 125 Mich. 167, 84 N. W. 51, 51 L. R. A. 345, 84 Am. St. Rep. 567; 28 Cyc. 851.)

The different conclusions reached may be accounted for in part by differences in local statutes. Indeed the consideration whether the fee of the street is in the city or the abutting owner is sometimes spoken of as influencing the determination of the question. On principle the technical condition of the title would seem to be of little importance. Whether it is formally lodged in the public or in the individual, their respective rights are substantially the same. In either case the property owner has interests which can not be disregarded, but which must yield if found to conflict with the interests of the community.

Granting that the city may for its own reasons, and without being compelled to justify its conduct to any court, further than to repel a charge of bad faith or abuse of discretion, make a valid order for the removal of the trees, the question remains whether it has brought itself within the rule. As already stated, the trial court must be deemed to have found upon sufficient evidence that the trees presented no obstruction to the building of a sidewalk of the ordinary width and occupying the usual position with regard to the true property line. The action of the officials, then, can be upheld only on one of two theories: either (1) that they have the right to put the sidewalk elsewhere than within five feet of the abutting property, or (2) that they have the right to remove the trees for some purpose other than to make room for the sidewalk.

The city of course is not required to place its sidewalks in any particular position, or to preserve uniformity in the matter. But the difficulty with the defendant's attitude in this regard is that the evidence

affirmatively shows that the ordinances positively require the walk at this place to be five feet wide and to have one side in contact with the abutting property. It is of course competent for the mayor and council to regulate such matter, and an ordinance on the subject has the force of law. It therefore affirmatively appears that the city officers have no authority to build a sidewalk where the trees stand. This disposes of the first theory stated.

It is also beyond question that the city has a right to remove the trees for other purposes than to permit the building of a walk, and it may be its own judge of the necessity or desirability of a removal for any reasonable purpose. But here again a difficulty arises. The answer does indeed present the claim, by inference at least, that the removal of the trees was required not only for the building of the walk but for otherwise improving the street. But the evidence wholly failed to support such an allegation; indeed it seems to show the direct contrary. There is no suggestion anywhere in the abstract of any reason whatever, except on account of the sidewalk, for cutting down the trees. In view of the fact that the evidence was largely oral the general finding for the plaintiff must be treated as establishing the fact that there was no purpose in destroying the trees except to clear the way for the sidewalk.

· A fair interpretation of the conduct of the city officers is that they undertook to place the sidewalk where the trees stand, claiming and believing that the fence correctly marked the property line. Defeated in this contention, but probably not convinced as to the fact, they then determined to persist in building the walk as originally intended, justifying their course upon the broad ground that the city had the absolute power to remove the trees merely because they stood in the street, without being bound to give a reason for doing so. To permit this would be to carry too far the prin-

ciple of the city's plenary control of public ground. The interest of the abutting owner in a shade tree growing in the street is as sacred as any other property right. Sentiment and utility combine to give it value. It is subject only to the superior claims of the public, as determined perhaps by the city authorities, but this determination must be the result of a fair and reasonable consideration—it may not be arbitrary or capricious. When the city is called upon to answer in court why it is about to destroy a tree, which perhaps has been brought to its present state by years of patient care and which may be a source of comfort and gratification to an entire community, and offers a reason that proves untenable, it can not then, while refusing to disclose any further purpose, take the benefit of a presumption of rightful conduct. Its silence under such circumstances is a warrant for setting aside the condemnation of the tree as an abuse of discretion.

The judgment is affirmed.