WILLIAM REINHOFF, et al., Respondent, v. SPRINGFIELD GAS & ELECTRIC COMPANY, Appellant.

**Springfield Court of Appeals, February 11, 1914.**

1. **APPELLATE PRACTICE: Evidence: Admission: Withdrawal: Not Error.** The admission of testimony on exemplary damages which was subsequently stricken out and withdrawn from the jury, was not prejudicial error.

2. **TELEPHONE COMPANIES: Erection of Poles: Liability for Damages.** Although a telephone company, by permission of the city, had a right to erect its poles in a parkway between a street and sidewalk, still it is liable to a property owner for damages to or destruction of shade trees occasioned thereby.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Delaney* and *Delaney* for appellant. ·

(1) Whether the fee or only an easement be vested in the city, under the general power to control and regulate streets and sidewalks, the municipality has control over shade trees on the sidewalk, even though they were owned by the abutting proprietor. The city may even remove them entirely if they obstruct travel and *a fortiori* for a conceded public use they may authorize the trimming. Atlanta v. Holliday, 96 Ga. 546; Avis v. Vineland, 56 N. J. L. 474; Lancaster v. Richardson, 4 Lans. (N. Y.) 136; Ellison v. Allen, 30 N. Y. Supp. 441; Baker v. Normal, 81 Ill. 37; Com. v. Wilder, 127 Mass. 1; Con. Tract. Co. v. East Orange, 61 N. J. L. 202; Vanderhurst v. Tholcke, 113 Cal. 147; Mt. Carmel v. Shaw, 155 Ill. 37 (46 Am. St. Rep. 311); Hildrup v. Windfall City, 29 Ind. App. 592; Wilson v.

Simmons, 89 Me. 242; Chase v. Oshkosh, 81 Wis. 313, 29 Am. St. Rep. 898; Murray v. Norfolk Co., 149 Mass. 328.  (2)  Especially is this true in the absence of evidence showing manifest abuse of such discretion.  Vanderhurst v. Tholcke, 113 Cal. 147; Mt. Carmel v. Shaw, 155 Ill. 37, 52 App. 429; Chase v. Oshkosh, 81 Wis. 313, 29 Am. St. Rep. 898; Pueschel v. Kansas City Co., 79 Mo. App. 459.

*Neville* and *Gorman* for respondents.

The law covering the rights of the parties in this case is settled in favor of respondents.  McAntire v. Telephone Co., 75 Mo. App. 535; Walker v. Sedalia, 74 Mo. App. 70; Werth v. Springfield, 78 Mo. 107; Sheehy v. Cable Co., 94 Mo. 574; 28 Am. & Eng. Ency., 540; 27 Am. & Eng. Ency., 150.

ROBERTSON, P. J.—The defendant is a corporation organized under the laws of this state with its office at Springfield.  The plaintiffs at the time of the alleged injury were the owners of a residence in that city in front of which, in the parkway between the sidewalk and the pavement, were located large and beautiful shade trees which the defendant practically destroyed in placing its wires and poles through the tops of same.  Plaintiffs sued the defendant for these damages and recovered judgment for one thousand dollars. The defendant has appealed.

Some objection is made by the defendant to the testimony of conversation claimed to have been had by one of the plaintiffs and an officer of the defendant company, but at the time the testimony was admitted there was a claim then before the jury for exemplary damages; but, as this testimony was subsequently stricken out and withdrawn from the jury, we are of the opinion that the defendant has no grounds of complaint concerning the admission of this testimony.

The defendant's principal contention here and the only one we consider worthy of notice is that the easement to the entire street, including this parkway, vested in the city in trust for the ordinary and necessary purposes to which the streets of a city are usually subjected; that this includes purposes other than for travel; and that such additional use includes the right to erect poles of the character the defendant was erecting at the time plaintiffs' trees were destroyed, and that consequently plaintiffs had no cause of action by reason of the destruction of their trees. This question has long since been settled and settled properly, in our opinion, by the case of McAntire v. Telephone Co., 75 Mo. App. 535, holding that while this right may exist in public service corporations it is not possessed to such an extent as to relieve them from liability on account of the destruction of property there located belonging to the owner of the adjacent property. To hold otherwise would be unjust. These parkways are left and recognized by the city for ornamental purposes and with the intention that they shall be used by the adjoining property owners for shade trees and for the purpose of beautifying the streets and the residences of the city (Walker v. Sedalia, 74 Mo. App. 70); and to hold that commercialism is so predominant in this state as to justify the destruction of such ornaments, without compensation to the owner who rightfully placed them there, would be, to our minds, wholly unjustifiable.

The judgment is affirmed. *Sturgis, J.,* concurs. *Farrington, J.,* having been of counsel, not sitting.