No. 42,140

RAY E. HEINZELMAN and FELICE HEINZELMAN, Husband and Wife, *Appellants*, v. STATE HIGHWAY COMMISSION OF KANSAS; FRED HALL, JOHN R. HALL, PERCY HALL, and VERNON HALL, doing business as HALL BROTHERS CONSTRUCTION Co., a Partnership; and THE CITY OF MARYSVILLE, KANSAS, a Municipal Corporation, *Appellees.*

(360 P. 2d 1114)

Opinion filed April 8, 1961.

*Robert F. Galloway*, of Marysville, argued the cause, and *Edward F. Wiegers*, of Marysville, was with him on the briefs for appellants.

*Robert E. Ferguson*, of Marysville, argued the cause, and *William B. Kirkpatrick*, Assistant Attorney General, of Topeka, was with him on the briefs for appellees. *John J. Mendive*, of Topeka, was on the briefs for State Highway Commission of Kansas; *Francis F. Blundon*, of Marysville, was on the briefs for The City of Marysville, Kansas, a Municipal Corporation, and *Robert E. Ferguson*, of Marysville, was on the briefs for Hall Brothers Construction Company, a partnership, all appellees.

The opinion of the court was delivered by

FATZER, J.: This case involves four hackberry shade trees growing in the parking in front of the plaintiffs' property. The action

was to enjoin the State Highway Commission, the Hall Brothers Construction Company, a partnership, and the city of Marysville from removing the trees to construct a new sidewalk in conjunction with a highway improvement project on South 10th Street. The appeal is from an order denying a temporary injunction.

The essential facts are as follows: The plaintiffs are the owners of two lots located on the east side of South 10th Street, a north-south street, which is also designated as U. S. Highway No. 77. Their home is located on the property and fronts on the street and highway. When that part of the city was platted, a strip of land 80 feet in width was dedicated to the public for 10th Street. The street was surfaced with brick paving, cement curbs and gutters, and from the back of the east curb to the back of the west curb it was 31 feet wide.

On November 10, 1958, the city governing body adopted Ordinance No. 770 authorizing and directing the mayor and city clerk to execute contracts between the city and the commission (G. S. 1949, 68-402b) whereby the commission was authorized to act for the city and in its place and stead to obtain benefits and assistance in widening, resurfacing and changing the grade of U. S. Highway No. 77 under a federal aid program. On November 24, 1958, a final agreement was entered into for such an improvement extending from 10th and Elm Streets south past the plaintiffs' property to the south city limits.

The final plans and specifications of the project called for widening 10th Street 22 feet, that is, the east curb was to be moved eleven feet east and the west curb was to be moved eleven feet west. The street was to be resurfaced with concrete paving, and the old sidewalks, including the sidewalk along the west line of the plaintiffs' property, were to be torn out and new four-foot-wide sidewalks installed. Due to the railroad crossing just south of the plaintiffs' property the original grade of the street and the sidewalk were to be raised between one and two feet in front of the plaintiffs' property.

In the early spring of 1960 the commission awarded a contract to the construction company for the project. When the plaintiffs' application for a temporary injunction was heard on May 11, 1960, South 10th Street had been widened, raised, curbed and paved, and all the trees in the parking area, north and south of the plaintiffs' property and on both sides of the highway, had been removed.

The four hackberry trees, almost adjacent to the new curb, were still standing, and the old sidewalk, still in place, was two feet below the grade of the new curb. Hence, the only work remaining to complete the project was to remove the hackberry trees, build the new sidewalk and grade the parking from the new curb line to the plaintiffs' property line.

After hearing all the evidence and viewing the premises, the district court found that no arbitrary, capricious or wanton acts, or lack of good faith existed on the part of the city, the commission, or the construction company, and denied the plaintiffs' application for temporary injunction.

The plaintiffs contend the evidence showed that it was not necessary to remove the trees for the widening of the street and highway, nor for the construction of a new sidewalk; that the governing body of the city and the employees and agents of the commission acted arbitrarily and capriciously in ordering the trees removed and that the decision to do so was made without fair and reasonable consideration, and that the district court erred in refusing to grant the injunction.

Rollin Fincham, a resident engineer of the commission, testified that the plans and specifications for the project had been prepared by the commission's planning department and had been approved by the United States Bureau of Public Roads, the commission, and the governing body of the city. Further, that the four hackberry trees, between twelve and thirteen inches in diameter, were a foot and a half to two feet east of the back side of the new curb and that future damage to the new curb and gutter would result from their roots if they were allowed to remain; that the distance from the east side of the trees to the plaintiffs' west property line was ten feet; that the plans and specifications called for raising the elevation of the new sidewalk to conform to the grade of the street and to build it two feet back of the east curb; that the old sidewalk was located one foot inside the plaintiffs' property line and the new sidewalk was to be located approximately seven and a half feet west of their property line; that when the new sidewalk was constructed on the elevation of the grade of the street there would be a slope down to the plaintiffs' property, and that if it were constructed east of the trees there would be a sharp three-foot slope and it was necessary to build the sidewalk closer to the curb to give sufficient distance for a more gradual slope so as not to dump surface water upon the plaintiffs' property too fast.

The plaintiff, Ray E. Heinzelman, testified that he did not make application to the governing body of the city as required by Ordinance No. 192 when he planted the four trees fifteen years ago. That ordinance requires any person desiring to plant trees upon the parking adjacent to his property to petition the governing body for permission to do so, and if granted, the city may designate the variety of trees to be planted and require the applicant to bring the parking ground to grade. He further testified that he presented an alternative plan to the governing body of the city and to agents and employees of the commission to construct the new sidewalk immediately east of the four trees and that the only difference between his plan and that of the commission was basically a difference of judgment, opinion and policy as to the method of widening the street and grading the parking area.

It is well settled in this state that an abutting lot owner has an interest and ownership in the shade trees planted and growing in the parking in front of his lots, which gives him a standing in court to prevent an unauthorized and unjustified destruction of the trees by officers or others. (G. S. 1949, 12-1611; *Paola v. Wentz,* 79 Kan. 148, 98 P. 775; *Remington v. Walthall,* 82 Kan. 234, 108 P. 112.) See, also, *Heller v. City of Garden City,* 58 Kan. 263, 48 P. 841. However, where a city adopts a plan to improve its streets by widening, grading or otherwise improving them, upon ground which has been dedicated for that purpose, and the execution of the plan requires the removal or destruction of shade trees growing within the lines of the street or sidewalk on which the improvement is made, their removal for the completion of such work affords no cause of action to the adjacent lot owner since his interest must yield where it conflicts with that of the community or as far as the rights of the public are concerned. (*Remington v. Walthall,* supra; *Ditzen v. Kansas City,* 138 Kan. 830, 28 P. 2d 739; 5 McQuillin on Municipal Corporations [2d ed., § 2149].) In the Ditzen case it was held:

"A city may remove shade trees growing on the street fronting on the residence of the contiguous lot owner, where it is necessary to the widening and paving of the street, determined upon by the city, without liability to the abutting owner."

While the plaintiffs concede the force and effect of the foregoing authorities, they assert they are not here seeking damages against any of the defendants for the removal of the trees, and contend the authorities are inapplicable where only injunctive relief is sought

against the city and the commission. They rely heavily upon *Paola v. Wentz,* supra, where, in order to clear the way for the building of a sidewalk, officers of the city were about to cut down three shade trees standing in the street when Wentz, the owner of the abutting property, commenced a suit and procured an injunction. Upon appeal it was held:

"Assuming that the question whether a shade tree growing in the street should be removed is one to be determined by the city officers, not subject to review by the courts, yet in order for their determination to be conclusive it must be made fairly and in good faith; if made arbitrarily, action under it may be enjoined as an abuse of discretion.

"The officers of a city may not, against the objection of the abutting owner, remove a shade tree from the street *merely for the sake of enabling them to place a sidewalk in a position different from that prescribed by ordinance."* (Syl. ¶¶ 1, 2.) (Emphasis supplied.)

A careful reading of the opinion discloses that the plan there involved was only to construct a new sidewalk—no widening of the street or change of grade was to be made, and no evidence was introduced by the city tending to show the necessity of removing the shade trees to construct the new sidewalk. On the question of the necessity of removing the trees, it was said:

"The evidence developed that an ordinance provided that sidewalks in that locality should be five feet in width, and that the inside line should correspond with that dividing the street from the lot. The trees stood less than five feet from the fence, which was supposed to stand upon the property line. The plaintiff, however, introduced a mass of testimony which tended to prove, *and in view of the decision of the trial court must be regarded as having proved,* that the fence was out of place, and stood in the street, and that there was room for a five-foot walk between the trees and the true line. . . ." (l. c. 149.) (Emphasis supplied.)

In the opinion the court reiterated the superiority of the rights of the city to that of a property owner concerning trees in the parking, but affirmed the decision on the basis of the trial court's finding for the plaintiff that the trees presented no obstruction to the building of a sidewalk of the width desired and occupying the position described in the ordinance with respect to the true property line.

This brings us to the ultimate question, did the governing body of the city and the commission act arbitrarily and capriciously in adopting the plans and specifications for making the improvement on South 10th Street, which, to carry out, required the removal of the four hackberry trees? Upon that question, the burden of proof

was upon the plaintiffs, and the district court made the following finding:

". . . there isn't anything here to indicate that the city, or any to whom it has delegated its authority, has acted arbitrarily and capriciously."

We think the evidence amply supports the district court's findings. There is nothing in the record to suggest that the project was unreasonably or arbitrarily entered into, or that any of the defendants acted in bad faith, or that the decision to remove the plaintiffs' trees was the result of an exercise of discretion which was in fact abused. On the contrary, the defendants acted under authority of law to plan the project and make the improvement, and the construction of the new sidewalk was in conjunction with and a part of a larger project, that is, to widen, raise and resurface South 10th Street. The testimony disclosed it was necessary that the hackberry trees be removed to insure against future damage to the new curb and gutter from the growth of their roots, and to prevent the dumping of surface water upon the plaintiffs' property too fast. The most that can be said is that a difference of opinion existed between the city and the commission, and the plaintiffs, with respect to the location and construction of the new sidewalk and the proper method of grading the parking, but courts are not authorized to adjudicate a mere difference of opinion between a property owner and a city government touching the necessity, desirability, or execution of a public improvement so long as the court fails to find that the city has abused its power or has acted capriciously, arbitrarily or unreasonably. (*Fairchild v. City of Holton,* 101 Kan. 330, 333, 166 P. 503; *Root v. City of Topeka,* 104 Kan. 668, 180 P. 229.)

The plaintiffs having failed to make it affirmatively appear that error was committed in the court below, the judgment is affirmed.

It is so ordered.