**C. T. RENTFRO and Mary Rentfro, Plaintiffs-Appellants,**

v.

**WHEELOCK BROTHERS, INC., Defendant-Respondent.**

No. 23441.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1962.

Dennis G. Muller, Kansas City, for appellants.

Heilbron & Powell, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiffs are the owners of a home located on the southeast side of Argentine Boulevard, near tenth street, in Kansas City, Kansas. Defendant owned a tractor-trailer truck which was, on June 5, 1959, being operated by defendant's servant in front of plaintiff's home, northeasterly along Argentine, when a Chinese elm tree, located in the parkway in front of plaintiffs' home, was struck by the trailer. Plaintiffs sued defendant for $500 damages. Trial to the court resulted in findings and a judgment for defendant. Plaintiffs appeal.

Mr. Rentfro testified to the effect that he is a trained and qualified tree surgeon; that, in the parkway in front of his home, some two to three feet from the curbing, there was a tree, some 18 inches in diameter, 25 to 30 feet in height, with a limb 6 inches in diameter extending out into the street 10 or 12 feet; that the tree was healthy, symmetrical, and about 18 years old; that witness was in his back yard when he saw defendant's tractor-trailer truck come from the 10th street intersection, northeasterly along Argentine; that it struck the protruding limb of the above mentioned tree, breaking it off; that the wound extended into the heart of the tree and was 15 inches in width and three feet in length; that he treated it by trimming the edges of the wound so as to permit proper healing, by applications to the wound to prevent infection, and by topping it to promote growth of the trunk and faster healing. He stated that it would take from 10 to 12 years for the tree to fully recover; that it would require top pruning each year, and twice per year application of disinfectants; that the cost of treatments would be $6 per year for disinfecting and $25 per year for prune topping; that the life of such a tree should be from 50 to 60 years; that the reasonable cost of raising the tree to its growth at the time of the injury would be $300, and the cost of replacement $1000; that, as to the difference in value of the real estate immediately before and after the occurrence "there wasn't much difference".

Mr. Walker, defendant's operator, stated that trucks similar to defendant's used the street in question extensively; that he brought the truck to a stop at the 10th street intersection, then proceeded through the intersection; that the trailer was empty and he pulled to the curb in front of plaintiffs' house to check his bills; that he saw the limb extending over the street before

he pulled over; that he thought he had plenty of room to pass under it; that his trailer, the front part of which struck the limb, was 12 feet in height; that he pulled over to within six feet of the curb; that the front of the trailer struck and broke the limb; that he stopped, the trailer being empty, within 10 feet thereafter; that, after the police came, he moved the truck farther up and stopped within two feet of the curb. He also stated that he had seen the tree since that time and that it looks healthy and is growing. Mr. Rentfro also stated that the tree was making a satisfactory recovery and was healing.

The court found that plaintiff had suffered no substantial damages, and that defendant's operator was guilty of no negligence. Under the provisions of Section 510.310(4) RSMo 1959, V.A.M.S., in cases tried to the court, we must give due regard to the opportunity of the trial court to judge of the credibility of the witnesses, and we may not set aside the judgment unless it is clearly erroneous. Lindsey v. Rupp, Mo.App., 316 S.W.2d 651, 652.

■ A parkway is a part of the public street, or easement. Dunn v. City of Emporia, 181 Kan. 334, 311 P.2d 296, 300.

However, an owner holds rights to trees planted to adorn and improve his property, and growing in the parkway, subject to the paramount right of the public to use the street. It is an ownership which gives him the legal right to prevent an unauthorized and unjustified destruction of the trees by officers as well as by others. City of Paola v. Wentz, 79 Kan. 148, 98 P. 775, 777; Heinzelman v. State Highway Commission of Kansas, 188 Kan. 129, 132, 360 P.2d 1114.

See also: 64 C.J.S. Municipal Corporations § 1701, page 97; Rights & Remedies of Abutting Owners, par. 1701; Murtaugh v. Chicago Motor Coach Co., 269 Ill.App. 290, 292, 293; McAntire v. Joplin Telephone Co., 75 Mo.App. 535, 539; Reinhoff v. Springfield Gas & Electric Co., 177 Mo.App. 417, 162 S.W. 761, 762.

■ Plaintiffs had the right to maintain an action for damages caused by the negligence of defendant and resulting in injury to the tree here involved.

■ The judgment should be affirmed unless it appears from the record that defendant was guilty of negligence as a matter of law. In Weber v. Wilson, (1960) 187 Kan. 214, 219, 356 P.2d 659, 663, the Supreme Court of Kansas said:

"Whether a defendant is guilty of actionable negligence is ordinarily a question of fact for the jury, it being left to it under proper instructions whether the defendant acted with reasonable care under the particular circumstances of the case. *It is only where the evidence is so clear that the minds of reasonable prudent persons could arrive at only one conclusion that a trial court is permitted to declare whether a defendant was negligent.* [Emphasis added]. Sincere and impartial persons of equal intelligence frequently draw different conclusions as to negligence from the same identical facts. Where it is possible such persons may so differ, the law commits the decision to the jury on the theory it may resolve the differences and reach a unanimous decision."

In Bishop v. Huffman, 177 Kan. 256, 257, 259, 278 P.2d 588, 590, the court said:

"It is common knowledge that persons of equal intelligence, sincerity and impartiality frequently draw wholly different inferences from the same identical facts. This is not only true of jurors; the same thing is equally true of judges. * * * One juror may believe the inferences to be drawn from identical facts disclose negligence. Another may believe precisely the opposite. * * *"

The Missouri law with regard to this subject does not differ materially from that of Kansas. In Fortner v. St. Louis Missouri

**58**

Public Service Co., 244 S.W.2d (Mo.) 10, 13, the court said: "Negligence is ordinarily a question for the jury. * * * Negligence depends upon the surrounding circumstances, as well as the particular conduct involved, because an act or omission which would clearly be negligence in some circumstances might not be so in other situations." In Hamilton v. Ross, 304 S.W.2d (Mo.) 812, the last above quoted declarations are reiterated.

In this case, all facts and inferences reasonably to be drawn from the testimony must be resolved in favor of defendant. Bishop v. Huffman, supra; Mathis v. Public School Dist. 103, Johnson County, 175 Kan. 453, 264 P.2d 1082.

The facts here are that defendant's agent was operating the tractor-trailer truck along a much travelled public street in a lawful manner. We must infer that he was travelling at a reasonable rate of speed under the circumstances there existing. He determined to drive to the side of the street, stop, and inspect his bills. The trailer was empty and was 12 feet in height. He saw the tree limb extending out over the street but said he believed he had ample room to pass under it. He knew his trailer was 12 feet high and Mr. Rentfro testified that he thought the limb was 15 feet high. If a man who owned the property abutting on the parkway where the tree grew, and who had lived there for many years, caring for and observing the tree and its protruding limb, believed it to be 15 feet above the ground, can it be said that all reasonable minds must believe that the truck driver was negligent in attempting to drive his vehicle under it? From appearances, the limb, according to the only testimony on that point, was 3 feet higher than the top of the trailer. Furthermore, the limb overhung a busy street along and over which many motor vehicles similar to that of defendant customarily passed. All of these circumstances must be taken into consideration in determining the question of the driver's negligence as a matter of law.

We cannot hold that all reasonable minds must have believed, under the facts and circumstances here shown, that the operator of the motor vehicle was guilty of negligence in attempting to drive under the limb, as he did, with his vehicle 6 feet from the curb; nor can we hold that the judgment of the trial court is clearly erroneous.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.